### 7265

### BARKSDALE v. CHARLESTON & WESTERN CAROLINA RY. CO.

1. EVIDENCE—IRRELEVANT—NEGLIGENCE.—Even if testimony as to the manner of operating another coal chute was irrelevant, appellant has not shown prejudicial error.

2. NUISANCE—DAMAGES—INJUNCTION.—One sustaining injury from a nuisance differing in kind and degree from that to wihch all others in common with him are exposed may maintain a civil action for damages and abatement.

3. CHARGE—REAL PROPERTY.—When that part of the charge as to how one may use his own property, excepted to, is construed in connection with the whole charge it is held to be free from error.

4. VERDICT—APPEAL.—This Court can not consider whether a verdict is excessive when there is any evidence to support it.

5. REHEARING refused.

Before KLUGH, J., Laurens, July term, 1908. Affirmed.

Action by W. D. Barksdale against Charleston and Western Carolina Railway Company. From judgment for plaintiff, defendant appeals on the following exceptions:

1. "Because the presiding Judge erred in allowing the introduction of the testimony of the witness Charles Hicks,

against the objection of defendant, as to the manner in which a certain coal chute at Clinton, Tennessee, had been operated, and the method by which the annoyance from smoke, cinders, etc., had been prevented. The error being:

"(a) In allowing testimony in this case as to what had happened in respect to another coal chute different in design and method of operation, and at a different place from the one involved here—the testimony being irrelevant.

"(b) In allowing testimony which tended to show defects in and negligent management of the coal chute involved in this action, when there was no allegation in the complaint of any such defective construction or negligent operation.

2. "Because the presiding Judge erred in refusing the defendant's motion for a nonsuit, on the ground that if the plaintiff's testimony showed a nuisance at all, or any injury to the plaintiff, such nuisance was a public nuisance and such injury was of a character common to all persons in the same neighborhood with plaintiff, and was not special or peculiar to him, or differing in kind from injuries to others in the same vicinity, and, therefore, the plaintiff had no right of action therefor, and on this ground not granting the defendant's motion for nonsuit.

3. "Because the presiding Judge erred in refusing the defendant's motion for the direction of a verdict on the several grounds upon which the said motion was based, and in holding upon said motion—

"1st. That the evidence tended to show injuries to the plaintiff which were special and peculiar, and for which plaintiff had a right of action against the defendant.

"2d. In holding that he was bound to assume that the lot of land on which the coal chute was situated was conveyed to the railway company for the special purpose of constructing and operating a turntable thereon, and in not holding that there was no evidence and should be no presumption to this effect, but on the contrary that the evidence showed the purchase by the defendant of the lot in question for any

railroad purposes, and, therefore, the party who conveyed such lot and all persons claiming under him, including the plaintiff, would be estopped from making any objection to or asking damages on account of the use of said lot for the use of a coal chute.

4. "Because the presiding Judge erred in instructing the jury as follows: 'A man may use his own property to the fullest extent with that limitation. He must use it in such way as to not injure other people, and if he does apply it to purposes out of the ordinary use and enjoyment of his property, if it results in injury to some one else, the person injured may have damages to compensate him for his injury, and if it is a case of such gravity as to maintain it in the interests of the people at large, he would be required to abate the nuisance, remove it, or cease the use he is putting his property to. That is the principle that applies in this case,' etc. The error being:

"(a) In instructing the jury, without limitation, that a party injured by the use of another of his own property is entitled to damages to compensate him for such injuries, when he should have qualified such instruction, at least, by excepting a case where one would be estopped from such recovery.

"(b) In instructing the jury that in a case of gravity, in which the interests of the people at large are affected, the railway company would be required to abate the nuisance, and in making this principle apply in this case, when it is submitted that under the law such facts would not give this plaintiff or any other individual a right of action to have the alleged nuisance abated.

5. "Because the presiding Judge erred in refusing to instruct the jury, as requested by defendant's counsel, that before the plaintiff could recover in this action the jury must find from the testimony that the injury of which the plaintiff complains was different in kind from that suffered by others situated similarly with the plaintiff.

6. "Because the presiding Judge erred in refusing the defendant's motion for a new trial on the first ground upon which said motion was based, namely, that the verdict was contrary to the evidence, and in not holding from the testimony in the case that there was no testimony showing that plaintiff had sustained an actionable injury.

7. "Because the presiding Judge erred in refusing defendant's motion for a new trial on the second ground upon which said motion was based, and in not holding in respect thereto that the evidence showed that the plaintiff had not suffered any special or peculiar injury or injury different in kind from those sustained, or that would have been sustained, by other people situated within an equal distance from the coal chute, and in not, on this ground, granting the motion for a new trial.

8. "Because the presiding Judge erred in refusing the defendant's motion for a new trial on the third and fourth grounds upon which said motion was based, namely, that the verdict of the jury was excessive and should not in any event have exceeded the loss of the rental value of the plaintiff's property during the continuance of the alleged nuisance, the evidence showing that in spite of the existence of the coal chute the property of the plaintiff has increased in value and he has sustained no such damages as those found by the jury."

*Messrs. S. J. Simpson* and *Simpson, Cooper & Babb,* for appellant. *Mr. S. J. Simpson* cites: *Testimony as to other chutes is incompetent*: Lynn v. Thompson, 17 S. C.; 11 Ency., 509. *Plaintiff sustained no injury not peculiar to others:* 16 Ency. (1st ed.), 926, 931; Joyce on Nuis., sec. 5; 46 S. C., 327; 54 S. C., 250; 64 S. C., 130; 48 S. C., 553; 81 S. C., 370; Taylor v. R. R., 64 Am. St. R.; Morris v. Graham, 58 Am. St. R. *Appellant had right to use the lot for any railroad purpose:* 47 S. C., 485; Lewis on Em. Dom., sec. 566; 67 S. C., 194; 68 S. C., 470; 71 S. C., 158.

*No proof of actionable injury to plaintiff:* 34 S. E. R., 852; 33 N. W., 456.

*Messrs. Simpson, Cooper & Babb,* cite: *This was a public nuisance:* 54 S. C., 242; 16 Ency., 926; 30 S. C., 539; 46 S. C., 327; 48 S. C., 553; 64 S. C., 125; 81 S. C., 370. *Lot could be used for any railroad purpose:* 47 S. C., 486; 13 L. R. A. (N. S.), 468; 13 L. R. A., 321; 21 Ency., 686. *Measure of damages:* 13 L. R. A., 321.

*Messrs. Cannon & Blackwell,* contra, cite: *Evidence as to similar plants competent:* 76 Pac., 529; 43 Am. St. R., 711; 1 Ohio, S. & G. Pl. Dec., 247. *Injuries suffered by plaintiff are special to him:* 73 Md., 286; 42 S. C., 402; 27 Law Ed. (U. S.), 739; 57 S. C., 181; 30 S. C., 539; 1 Hill, 367; 1 Hill, 365; 21 S. C., 495; 46 S. C., 327; 47 S. C., 464, 485; 16 Cyc., 769.

The opinion in this case was filed June 25, 1909, but remittitur held up on petition for rehearing until

July 26, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for injunction and to recover damages alleged to have been caused by the operation of a coal chute in the city of Laurens, S. C., on the ground that it is a nuisance.

The jury rendered a verdict in favor of the plaintiff for one thousand dollars, but an injunction was not granted, as the plaintiff announced that the verdict would be accepted as including both past and future damages, and that he would not ask for an injunction.

The defendant appealed upon exceptions, which will be set out in the report of the case.

First Exception: Subdivision "a" of this exception can not be sustained, for the reason that, even conceding the

testimony was irrelevant, it has not been made to appear that it was prejudicial to the rights of the appellant; and it is only necessary to refer to the complaint to show that subdivision "b" must be overruled.

Second, Sixth and Seventh Exceptions: Those exceptions assign error on the part of his Honor, the presiding Judge, in refusing to grant a nonsuit; in his charge to the jury, and in refusing to grant the motion for a new trial on the ground that the undisputed testimony showed that the plaintiff had not sustained injury special or peculiar to himself, or differing in kind and degree from that suffered by others in the same neighborhood.

The following authorities sustain the proposition that the remedy for a public nuisance is by indictment, unless the person instituting proceedings, on the civil side of the Court, can show special or peculiar damages, differing in kind from those to which all others in common with him are exposed. *Carey* v. *Brooks,* 1 Hill, 365; *State* v. *Rankin,* 3 S. C., 438; *Hellams* v. *Switzer,* 24 S. C., 39; *Steamboat Co.* v. *R. R. Co.,* 30 S. C., 539, 9 S. E., 650; *Steamboat Co.* v. *R. R. Co.,* 46 S. C., 327, 24 S. E., 337; *Baltzeger* v. *R. R.,* 54 S. C., 242, 32 S. E., 358; *McMeekin* v. *Power Co.,* 80 S. C., 512, 61 S. E., 1020.

In the case of *Jones* v. *R. R.,* 67 S. C., 181, 45 S. E., 188, the owner of land on a navigable stream brought an action against the railroad company for causing damages to his land by obstructing the flow of freshet waters through the negligent construction of the piers for its bridge.

In delivering the opinion of the Court Mr. Justice Woods used this language: "The right which the plaintiff says the defendant invaded was not the right of navigation, or any other right which he held in common with the public, but the right to the unimpaired use of his land on the banks of the river. The fact that the stream was navigable does not affect this question. *Blood* v. *R. R. Co.* (Mass.), 61 Am. Dec., 446. The injury alleged is different in degree and kind from any

done to the public, and, therefore, does not fall within the reason of *Steamboat Co.* v. *R. R. Co.,* 30 S. C., 539, 9 S. E., 650, and other like cases. The fact that they arose out of the obstruction of a navigable stream, which constitutes a public nuisance (*Drews* v. *Burton & Co.,* 76 S. C., 362, 57 S. E., 176), did not prevent a recovery."

We quote from said case to show that the injury alleged in the complaint was special and peculiar, differing in degree and kind from those to which all others in common with him were exposed.

And as there was testimony tending to sustain the allegations of the complaint, these exceptions must be overruled.

Third Exception: The first subdivision is disposed of by what has already been said.

The second subdivision can not be sustained, as it presents an immaterial question.

Fourth Exception: When that portion of the charge set out in the exception is considered in connection with the entire charge, it will be seen that it is free from error.

Fifth Exception: This exception was not argued by the appellant's attorneys, and, therefore, will not be considered.

Eighth Exception: We do not deem it necessary to cite authority to show that this Court can not consider whether a verdict is excessive, when there is any evidence to support it.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

July 26, 1909. PER CURIAM. After careful consideration of the petition herein, the Court is satisfied that no material question of law or fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition for a rehearing be dismissed, and that the order heretofore granted staying the remittitur be revoked.