7026

## GRAY AND SHEALY v. CHARLESTON AND WESTERN CAROLINA RY. CO.

1. HIGHWAYS—STREETS.—INDICTMENT is remedy for obstructing public highway. But an owner of buildings whose only way of egress to them is through a street which a railway company has obstructed by a coal chute and who has suffered special damages and different in kind from the public has a cause of action against the railway company therefor.

2. APPEAL—NEW TRIAL.—Case remanded for trial of one cause of action; judgment as to others sustained.

Before WATTS, J., Laurens, August, 1907. Modified.

Action by Gray and Shealy against Charleston and Western Carolina Railway Company. From judgment for defendant, plaintiffs appeal.

*Messrs. W. C. Irby, Jr., Stanyarne Wilson* and *Sanders & DePass* for appellant. *Messrs. Stanyarne Wilson* and *Sanders & DePass* cite: *Private person may maintain action for obstructing street:* 49 S. C., 130; 30 S. C., 546; 5 Rich. L., 583. *Witness may give opinion as to whether chute was a nuisance:* 61 S. C., 237; 72 S. C., 269; 72 S. C., 259; 62 S. C., 292. *Evidence as to failure to rent houses should have been admitted:* 25 S. C., 26; 61 S. C., 337.

*Mr. S. J. Simpson* and *Simpson, Cooper & Rabb,* contra.

September 29, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was to recover damages for an alleged nuisance and abatement thereof, and resulted in a verdict and judgment for defendant.

The complaint charged that the nuisance was created by the defendant's erecting on its premises, in the town of Laurens, a high coaling chute, the operation of which causing smoke, dust, cinders and noise, day and night, to the

injury of plaintiffs' abutting property. The complaint fur-
ther alleged nuisance in that the erection of the coal chute
obstructed Hance street, a public highway of Laurens, and
excluded plaintiffs from the further use of said street and
wholly prevented and destroyed ingress to plaintiffs' prop-
erty, to plaintiffs' great damage.

The case contains this statement: "No testimony was
offered as to the obstruction of the alleged public street
referred to in the complaint, for the reason that his Honor
held at the outset of the case that the remedy for a nuisance
of that kind was by indictment and not by action."

Appellants' first exception is directed against this ruling
of the Court, and the sixth exception is to the following
charge relating to that subject: "I charge you as a matter of
law that, even if the defendant railway com-
pany here have obstructed a public street over
there, under the testimony in this case, and
under the law, the plaintiffs are not entitled to any dam-
age for that; because wherever a public road is ob-
structed, that affects the public generally, and parties can
be indicted for obstructing a public road, one that was laid
out and dedicated to the use of the public, or where the pub-
lic have acquired the right to go over—any obstruction and
interference with that road the parties can be indicted for
and punished. That is a misdemeanor under the laws of
this State. So no citizen has a right ordinarily to bring any
action for damages for the obstruction of a public road; the
public generally is interested in that and that can be done by
indictment."

Inasmuch as there was no testimony whatever as to the
obstruction of the street, it was not error to charge that
there could be no recovery on that ground *"under the testi-
mony."* Nor was it error to charge that *"ordinarily"* no
citizen has the right to bring an action for damages for
obstruction of a public highway.

The general rule is that indictment is the remedy for
obstruction of a public highway. The exception to the rule

is that a private citizen may maintain a civil action for damages or abatement with respect to a public nuisance upon allegation and proof of such obstruction and of direct and special damages resulting to him, different in kind from what the public may sustain. The rule and exception has been illustrated by numerous cases in this State. *Carey* v. *Brooks,* 1 Hill, 367; *McLauchlin* v. *R. R.,* 5 Rich., 590; *Steamboat Company* v. *Railroad Company,* 30 S. C., 646, 9 S. E., 650; *Steamboat Co.* v. *Railroad Co.,* 46 S. C., 336, 24 S. E., 337; *Cherry* v. *Rock Hill,* 48 S. C., 560, 26 S. E., 798; *Threatt* v. *Mining Co.,* 49 S. C., 130, 26 S. E., 970; *Baltzeger* v. *Ry.,* 54 S. C., 250, 32 S. E., 358; *Manson* v. *Ry.,* 64 S. C., 130, 41 S. E., 832.

The charge, therefore, affords no basis for a new trial of the issues which were submitted to the jury. The ruling, however, which is complained of in the first exception gives us more concern, for the ruling was based, not upon the testimony, but upon the allegations of the complaint. In other words, the effect of the ruling was tantamount to sustaining a demurrer to the cause of action based upon the obstruction of the street, and it appears that because of such ruling no testimony was offered on that matter. The allegation of the complaint is as follows: "More than twenty years prior thereto, there was a street or travelled place known as Hance street, known, used, occupied, enjoyed and claimed by the public, and so recognized by the public, and for a great number of years worked by the said town of Laurens as one of its streets or travelled places, which was and is the only means of egress for a large part of the residence lots, among which are the lots belonging to plaintiffs herein; and that neither the defendant nor any one else had the right to obstruct or close the same. That nevertheless, and in defiance and disregard of the rights of plaintiffs because of their ownership of lots fronting upon said travelled place or street, and which was their only means of egress to the same, the said defendant, Charleston and Western Carolina Railway Company, using and en-

joying the franchise and rights of the said Greenwood, Laurens and Spartanburg Railway Company, oppressively and with a high hand, have obstructed and closed said street or travelled place by digging a deep pit for the hoisting apparatus of said chute on the said road, by reason of which the use thereof has been rendered wholly impossible to the public and to these plaintiffs; and by otherwise obstructing said street or travelled place and appropriating the same to the private use and purposes of said defendant corporation.

"That, as a direct result thereof, plaintiffs have been entirely excluded from said street, and ingress to their property by means thereof wholly prevented and destroyed, and that the said property of plaintiffs and its value have been specially, peculiarly and materially diminished by being deprived of said street. That the damage to plaintiffs by the aforesaid nuisance is specific and different in kind as well as in degree, from the damage to the public generally, by reason of the matters and things hereinbefore alleged, etc."

We think the complaint states a cause of action for street obstruction, as it is alleged that such obstruction directly prevents and destroys ingress to plaintiffs' abutting property to their injury. This, if established by proof, would be a direct injury peculiar to plaintiffs and different in kind from that sustained by the public. We are impressed, however, that this error should not work a new trial on the other issues which were submitted to the jury upon the testimony, but should only operate to hold the judgment to be without prejudice to the right of plaintiffs, if so advised, to a trial upon the cause of action for street obstruction.

The remaining exceptions relate to rulings as to the admissibility of testimony. We find no merit in these exceptions. An examination of the record shows that the testimony which it is claimed was excluded, was in fact

admitted in full measure and appellant was in no wise prejudiced.

The judgment of the Circuit Court is affirmed but without prejudice to the right of the plaintiffs, if so advised, to have a trial upon the cause of action for street obstruction.

MR. JUSTICE GARY *thinks the judgment should be reversed and there should be a new trial without attaching a condition.*