## 12054

### POWELL *ET AL.* v. SPARTANBURG COUNTY
### LOWE v. SAME

(134 S. E., 367)

1. HIGHWAYS—GRANTING OF NONSUIT IN ACTION FOR DAMAGES FOR CLOSING PORTION OF HIGHWAY ON THEORY THAT COUNTY WAS WITHIN ITS RIGHTS HELD ERRONEOUS (CIV. CODE 1922, § 2906).—In action against county for damages for closing of portion of highway cut off by new and straighter way, granting of defendant's motion for nonsuit *held* erroneous, irrespective of county' rights under Civ. Code 1922, § 2906, plaintiff being entitled to recover damages different in kind and degree from those suffered by public generally.

2. HIGHWAYS.—County cutting off portion of highway in course of straightening and eliminating grade crossing is not authorized to close either end of old road so cut off, thereby depriving owners of property on it from using it in reaching new portion in either direction.

3. HIGHWAY.—Damage in closing highway recoverable by property owner must be different, not in kind, but in dgreee from that suffered by the public generally.

4. HIGHWAYS.—Owner of property on portion of highway cut off in straightening and eliminating grade crossing, on showing of small cost and absence of injury to relocated road, is entitled to mandatory injunction against closing either end of old road.

Before BONHAM, J., Spartanburg, January, 1925. Reversed, and case remanded for further proceedings.

Two actions, one by J. T. Powell and another, the other by Unity S. Lowe, both against Spartanburg County. From orders of nonsuit in both actions, plaintiffs appeal.

The motion for nonsuit and ruling thereon follow:

"Mr. Wyche: Now, may it please your Honor, we move for a nonsuit in this case on the following grounds: First, because there is no testimony that any of plaintiff's land has been taken for public use or for any other use, or that the County Highway Commission or Spartanburg County has in any way trespassed upon or interfered with, touched, damaged, or injured plainiffs' land in any manner whatso-

ever; second, because there is no statutory law authorizing any such action as set forth in the complaint or testified to in this Court. We also make a motion for nonsuit on the same grounds upon which we made our motion for a demurrer. We include those, too.

"The Court: I am unable to perceive any difference between this case and the case of *Wilson v. Greenville County* 110 S. C., 321; 96 S. E., 301, and *Cherry v. Rock Hill*, 48 S. C., 553; 26 S. E., 798. In both of these cases they held in principle that the fact that a road had been abandoned in the one instance and a street closed in part in the other did not give the complaining party a right of action, because of any inconvenience in the use of the road. Now, in this present case, it is apparent that the plaintiffs, in each of the cases, are put to inconvenience because they have to go further to reach the point south of where their lands are, their premises are, than they did otherwise, but they are not prevented from going. They can go. That in my judgment is the crucial point in the case. I don't think the plaintiffs are entitled, in the light of the evidence disclosed here, to maintain these actions, and I must therefore grant the motion for a nonsuit in each case. I am frank to confess that the question is rather a difficult one, but that is the conviction to which I have come, and I must so hold. You may prepare your order for nonsuit."

The following are the grounds of appeal:

"Plaintiffs gave due notice of appeal from the order of nonsuit, and do now appeal therefrom upon the following ground, to wit:

"That his Honor erred in granting the motion for nonsuit; the error being, as the record shows, that there was testimony supporting and establishing every material allegation of the complaint and plaintiffs' rights of action, to wit: Plaintiffs' property abutted an old established public highway, and they had property rights therein. In 1923,

defendant, in disregard of those rights, and without compensating them therefor, absolutely and permanently closed this highway with an obstruction, and destroyed it as such, to their special, material, and peculiar damage, notwithstanding that under Section 17, Art. 1, of the Constitution those rights could not be taken without just compensation; and it was not just compensation simply to leave one end of the highway open—a *cul-de-sac* in lieu of a thoroughfare. It was at least a question of fact for the jury."

*Mr. Stanyarne Wilson,* for appellants, cites: *Land owner has special rights in abutting highway; not to be closed without making compensation:* 126 S. C., 484; 117 S. C., 251; 110 S. C., 324; 81 S. C., 372; 67 S. C., 515; 53 S. C., 89; 15 Ann. Cas., 687, note; 175 N. Y., 353; 14 L. R. A., 381; 104 N. Y., 268; 29 N. E., 95; 90 N. Y., 122; 36 L. R. A. (N. S.), 1120; 28 S. W., 626; 46 A. S. R., 489, note; 96 S. E., 943; 36 L. R. A. (N. S.), 1164; 87 A. S. R., 600; 52 L. R. A. (N. S.), 889; 17 L. R. A., 275; Ann. Cas., 1913-D, 786; 15 L. R. A. (N. S.), 49; 34 L. R. A. (N. S.), 769; 61 So., 163; 126 P., 964; 106 P., 1128; 51 So., 775; 49 A. S. R., 800; 28 So., 324; 113 S. W., 610; 22 P.. 899; 90 F., 593; 57 L. R. A., 282; 11 L. R. A., 750; 13 S. W., 444; 78 S. E., 648; 102 Ill., 64; 2 L. R. A. (N. S.), 269, note; 6 L. R. A. (N. S.), 741; 30 L. R. A. (N. S.), 637; Elliott on Roads & Streets, Sec. 1180; 3 Dillon, Mun. Corp., 5th Ed., Secs. 1016, 1125 and 1160; 13 R. C. L., 71; 29 C. J., 547. *Land owner on highway thoroughfare entitled to compensation when one end of highway closed leaving blind road only:* 52 L. R. A. (N. S.), 889; 39 L. R. A. (N. S.), 487; 36 L. R. A. (N. S.), 1164; 30 L. R. A. (N. S.), 637; 29 L. R. A. (N. S.), 568; 15 L. R. A. (N. S.), 49, note; 8 L. R. A. (N. S.), 226, note; 6 L. R. A. (N. S.), 741; 2 L. R. A. (N. S.), 270; 34 L. R. A., 769; 21 L. R. A., 75; 17 L. R. A., 275; 89 S. W., 118; 13 R. C. L., 74; 29 C. J., 551; Lewis, Em. Domain, Sec. 198; *Case Distinguished:* 48 S. C., 553.

*Messrs. Nicholls, Wyche & Byrnes,* for respondent, cite: *Power of county authorities to discontinue highways:* Civ. Code, 1922, Secs. 2906 and 2907. *Spartanburg County authorities empowered to relocate highways:* Civ. Code, 1922, Sec. 1898. *Abandonment of public highway is damnum absque injuria to adjacent land owner:* 110 S. C., 324; 48 S. C., 553; 99 U. S., 635. *Closing a street not a taking of property:* 53 S. C., 89.

August 16, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

By consent, these two cases were tried together on circuit, and the appeals were heard in the same manner by this Court. They are practically identical, and for convenience the *Powell case* will be considered, the decision in which will be binding upon the other case.

The action is for $2,500 damages, alleged to have resulted from the closing of a highway upon the property of the plaintiff fronted. The case was tried before his Honor, Judge Bonham, and a jury. At the close of the plaintiff's evidence, he granted a nonsuit upon the grounds stated by counsel for the defendant, which will be reported. From this order the plaintiff has appealed upon exceptions which will be reported.

The facts are these: The public highway leading from Spartanburg to Laurens runs in a general southerly direction. Near the southern limits of the City of Spartanburg, and outside of the limits, the county road authorities determined upon a relocation of a part of it, so as to pass under the railroad, thus avoiding a dangerous railroad crossing at grade which theretofore existed and still exists. The relocation was completed; the new road being constructed mostly upon a fill. The situation of the old road and the new may be compared roughly to a strung bow,

the cord representing the new portion and the bow the old, geometrically the segment of a circle. The plaintiff and a number of others have property fronting on the old portion. It does not appear that this old portion of the road was formally discontinued as a part of the highway. The fact that a number of persons owned property fronting upon it, and the fact that the end nearest Spartanburg was physically connected with the new road at that point, so that the persons referred to were not obstructed in going to and coming from the City of Spartanburg, indicates that it had not been discontinued; but at the south end of the old portion, some 300 yards from the connection at the north end, no connection was made with the new road; on the contrary, at that point the new road was upon a fill of about 7 feet high, at an acute angle with the old road, and no arrangement was made by which persons could enter or depart from the old road.

Assuming, what is by no means clear, that the county authorities intended to and did actually discontinue the old portion as a highway to be maintained at the public expense, and conceding that under Section 2906 of Volume 3, Code 1922, and the case of *Wilson v. Greenville County,* 110 S. C., 324; 96 S. E., 301, they were fully authorized to do so, it does not by any means follow that they were authorized to close the old portion at either end. Those who owned property fronting upon that old road, if actually discontinued, could not rightfully be deprived of the privilege of still using it to reach the newly located portion in either direction; as is clearly implied in the *Wilson case,* where the Court says: "If damage results merely from its abandonment as a public highway, without its being closed, it is *damnum absque injuria.*"

So, upon the motion for a nonsuit, it was important to inquire whether the old portion of the road had been discontinued or abandoned as a part of the highway. If it had not been, it is clear that the plaintiff

would have been entitled to such damages as he might have established under the rather strict rule that his injury must be shown to have been different, not only in kind, but in degree, from that suffered by the public generally, which presented a question of fact for the jury. If it had been, he was entitled to such damages as he might have established under the same rule, which also presented a question of fact for the jury. In either event, the nonsuit was wrong.

As a practical matter, another view may be presented. It is entirely possible that the connection at the south end of the old road with the new portion may yet be made with comparatively small cost and with no injury to the relocated road. If that be so, the plaintiff would have the right to a mandatory injunction requiring the county authorities to do so. In that event, the status being restored, the plaintiff's damages would be limited to the injury suffered in the meantime; that is, between the date of the obstruction and its removal.

The justice of the case in our opinion will be attained by:

(1) Reversing the order of nonsuit and remanding the case to the circuit Court for a new trial.

(2) Allowing the plaintiff to amend his complaint by alleging the facts which would entitle him to a mandatory injunction requiring the defendant to remove the obstruction and make physical connection at the south end of the old road between it and the newly relocated portion.

(3) Allowing the defendant to proceed with a removal of the obstruction and a physical connection as indicated, and set up that fact when accomplished by way of supplemental answer.

(4) A jury trial upon the matter of damages.

No question is made in the appeal upon the question of damages; that is, whether the injury sustained by the plaintiff is different in kind and degree from that sustained by the public generally. That question is therefore left open.

The judgment of this Court is that the orders of nonsuit in the cases above entitled be reversed, and that they be remanded to the circuit Court for further proceedings consistent with the conclusions herein announced.

MESSRS. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.