12503

FAIREY *ET AL.* v. SAWYER, COM'R, *ET AL.*

(144 S. E., 926)

August, 1927.

*Messrs. Wolfe & Berry,* for appellants,

*Attorney General John M. Daniel, Crouch & Ramage, H. E. Moore,* and *Brantley & Zeigler,* for respondents,

September 27, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is one of the several road cases brought here either on appeal or in the original jurisdiction of the Court. A brief statement only is necessary for a correct understanding of the issues involved in the controversy. In 1924, the General Assembly passed an important Act (33 St. at Large, 1193), known as the Pay-as-You-Go Act, the purpose of which was to create and establish a state-wide connected system of hard-surfaced, top-soiled and other dependable types of public roads, to be known as the "state highway sys-

tem." Under the law in force at that time, the state highway commission, with the consent and co-operation of the local road authorities of the several counties, had created a more or less loosely connected system of highways; by the Act of 1924, these highways were incorporated, along with other highways authorized to be constructed and maintained, into a closely knit state highway system created by the Act, and the state highway department was charged with the maintenance and construction of these roads. Among the routes described by the Act to be taken over by the state highway department for construction and maintenance in Orangeburg County, is the route "from Orangeburg southerly on route No. 6 by way of Rowesville and Branchville to the Bamberg County line." It appears that in 1927 the state highway department proposed to construct and hard-surface a highway between the town of Rowesville and the town of Branchville, a distance of about 8 or 9 miles, as a "relocation" of a part of route 6 designated in the Act of 1924 to be built and hard-surfaced between these two points. The present road between Rowesville and Branchville, which had been taken into the highway system and was a part of same at the time of the passage of the 1924 Act, runs in a southerly direction on the *west* side of the Southern Railway and generally parallel to it. The proposed substituted highway is *east* of and parallel to the Southern Railway track, and does not touch the old roadbed between Rowesville and Branchville, the distance between them being substantial and at the widest point several miles. The plaintiffs instituted this action in the Court of Common Pleas for Orangeburg County for the purpose of obtaining a permanent injunction, to restrain the defendants from constructing the proposed substituted highway, which they claim the defendants were attempting to do in violation of law. Upon a verified complaint, his Honor, Judge Mann, issued a temporary injunction, but later on motion of the defendants to vacate same, he heard the matter fully on its merits,

and by an order dated August 4, 1927, dissolved the temporary injunction theretofore issued by him, and refused to grant an injunction *pendente lite*. The plaintiffs now come to this Court. A discussion of the questions raised by the appeal is unnecessary, as this case is controlled by the decision of the Court in the case of *Boykin v. State Highway Department*, 146 S. C., 483; 144 S. E., 227, opinion filed the 27th day of July, 1928. The legal questions raised in the two cases are practically the same, and when the governing principles of law announced in the *Boykin case* are applied to the facts of the present case as disclosed by the record, it is clear that the appellants are entitled to a reversal of the judgment of the Court below. The judgment of this Court is that the judgment of the Circuit Court be reversed, and the injunction prayed for by the appellants be granted.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.