12658

SLOAN *ET AL.* v. STATE HIGHWAY DEPARTMENT *ET AL.*

(148 S. E., 183)

*Mr. W. E. Bowen,* for petitioners,

*Attorney General John M. Daniel,* and *Assistant Attorney Generals Cordie Page* and *J. Ivey Humphrey,* for respondents.

May 9, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

By an Act of 1924 (33 Stat. at Large, p. 1193), the ▮▮ Legislature created a state-wide connected system of hardsurface and other types of public roads, to be constructed and maintained by the State Highway Department. Of the roads designated by the Act to be hard surfaced in Greenville County is one "from end of pavement near Greenville southeasterly along Route No. 2 by way of Mauldin, Simpsonville to the Laurens County line near Fountain Inn."

The petitioners, property owners or taxpayers residing on or along Route 2 have instituted this proceeding in the original jurisdiction of the Court for the purpose of obtaining injunctive and other relief.

They allege that the defendant State Highway Department has determined, in violation of law, to abandon a part of Route 2 between Mauldin and Simpsonville, and to substitute therefor a different road along an entirely new route. Numerous reasons are stated why the old road is preferable

to the proposed new location, and why the petitioners and others residing and owning property on or along the abandoned section of the old road will be damaged by the proposed change. The affidavit of W. D. Neves, civil engineer, was filed by the petitioners as supporting their contentions.

The Highway Department, by its return to the rule issued in the case, alleges that the contemplated change between Mauldin and Simpsonville, complained of by the petitioners, is for the purpose only of straightening and improving the road by eliminating dangerous turns and curves and two dangerous grade crossings near Simpsonville; that the proposed new road is at no place far distant from the old road, follows its identical tracks at places, and does not extend any considerable distance at any point before again uniting with it; and that the proposed relocation has been made with reasonable reference to the old roadbed as a factor in determining the route to be followed. The defendant filed a numbr of affidavits in support of its return and answer. The parties also filed a map or plat, showing the old road and the proposed new location.

This Court has so recently announced and discussed the legal principles governing cases of this kind that a further discussion of them here is unnecessary. See *Gaston v. State Highway Department,* 134 S. C., 402, 132 S. E., 680; *Boykin v. State Highway Department,* 146 S. C., 483, 144 S. E., 227; *Fairey v. Sawyer,* 147 S. C., 97, 144 S. E., 926; *Hargrove v. Sawyer,* 149 S. C., 79, 146 S. E., 685. In the *Hargrove case* it is said: "In *Boykin v. Highway Department,* 146 S. C., 483, 144 S. E., 227, this Court discussed at some length the questions there raised with respect to the power and authority of the State Highway Department, and the discretion vested in it by law, to change or relocate highways, or sections of same, on or along routes to be taken over by it for construction and maintenance under the Act of 1924 and Acts amendatory thereto. The Court held that

the department had no power to relocate routes between control points without reasonable reference to the location of the old roadbed, which is one of the controlling factors in determining the route to be followed; that, while the department is not required to follow with exactness the identical tracks of the old road, it cannot wholly abandon such road, or disregard it as a controlling factor, and thereby destroy the identity of the route designated by the Act."

The facts, however, of the present case are different from those of the *Boykin case*. What was attempted to be done in that case, as well as in the *Fairey case,* if allowed, would have destroyed the identity of the route involved as designated in the Act. The facts here presented are very much like those of the *Hargrove case*. Here the slight change or relocation proposed would have the effect of eliminating a bad curve and two dangerous grade crossings; and, as in the *Hargrove case,* the road proposed to be substituted for a section of the old road is in close proximity to it at all points, and does not extend any considerable distance before it again unites with the existing road.

In the *Boykin case* the Court held that the Highway Department is vested with some discretionary power and authority in making relocation of highways to be built, provided the identity of the route designated in the Act to be followed is not destroyed. Applying the principles there announced to the facts of the present case, we find no abuse of discretion on the part of the department in making the proposed change or relocation. The petitioners, therefore, are not entitled to the relief prayed for.

We do not think that the slight changes in location will necessarily result in the great harm anticipated by those residing or owning property on or along the abandoned section of the old road. The proposed new road, because of its proximity and its location with respect to the abandoned section of the existing road, may be easily and quickly reached from same. Further, the abandoned part of the old road can-

not be closed without the consent of those whose property fronts thereon or over whose lands it passes. *Powell v. Spartanburg County,* 136 S. C., 371, 134 S. E., 367. In addition, the abandoned section of the existing road passes into the hands of the county road authorities, who no doubt will see that it is properly maintained as are other county roads.

The permanent injunction and other relief prayed for is denied, and the petition dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.