231 S.C. 607 (1957)
99 S.E.2d 395
S.H. WESSINGER, LLOYD STEELE, WILLIE KYZER, O.C. TAYLOR, V.V. TAYLOR, and all other persons interested in the old highway, do join as plaintiffs, Respondents,
v.
W.W. GOZA, L.L. SHULL, W.A. HOOK, J.L. SHARPE, BURT MACK, JOHN G. BOOZER, LEON GUNTER, REED HOOK, and THE BOARD OF COMMISSIONERS OF LEXINGTON COUNTY and THE STATE HIGHWAY DEPARTMENT, Appellants.
17337
Supreme Court of South Carolina.
July 31, 1957.
*608 Messrs. J.D. Carroll and R. Milo Smith, of Lexington, for Appellants.
*609 The order of Judge Greneker follows:
This is an action commenced by the plaintiffs, who either owned or occupied property along the old road hereinafter referred to, against individual defendants and the Board of County Commissioners of Lexington County for an injunction to prevent the defendants from blocking and closing said road.
The matter was referred by this Court to Honorable Francis C. Jones as special referee, to hear and determine all the issues of fact and to report the findings of fact and conclusions of law. After this matter was referred, the referee had several hearings but the facts in the matter are not materially in dispute.
For a period of more than fifty years, there was a public road or highway leading from one point in Lexington County to another at or near the community known as Red Bank. This road had been used generally by the public, had been *610 laid out and repaired by the county, and the State Highway Department, after the same came into that system.
About eighteen years ago, the record discloses, the highway department determined to relocate this road, at or near the place where the plaintiffs owned the property or occupied the same. The highway department therefore established a new road and paved it, leaving the portion of the road which is occupied by the property of the plaintiffs on the old road. The new road runs a short distance out of bed of the original road, and then comes back into the old road where the same become practically identical. The new road is somewhat like the string of a bow and the old road is somewhat like the bend of a bow, and the distance from the old road to the new road varies from zero to something over 100 feet in its widest area. The highway department placed several entrances along the new road to go across to the old road, to permit the persons on the old road to come across and join the new road, but these entrances were not to each and every house on the old road.
The plaintiff's testified that they used the old road to go to church, to visit neighbors and to go into the new road at each end of the old road and that it was more convenient to them to take this route. Some of the defendants blockaded the old road so that the only method of egress the plaintiffs had was to go to one of the roads leading into the new road some distance from the property of the plaintiffs desiring to use the road, and then go down the new road and come back across the entrances from the new road to the old road. The plaintiffs testified that this was very inconvenient and in some cases impossible and they requested judgment that the old road be kept open and that the defendants be prevented from closing up or blocking the old road so as to make the road non-usable to the plaintiffs and others who had formerly had the use thereof.
The law in this matter has been determined by the Supreme Court in several cases. That is, as to the right of those who own and occupy property on an old road to *611 have the same continued in use for the benefit of users of the old road.
The principle of the common law that where is once a highway there is always a highway is subject, of course, to certain limitations and exceptions. At the same time this general principle obtains and will govern any case in which the Highway Department or any other authority, or an individual, seeks to abandon an existing highway. It is axiomatic that a public highway is not abandoned simply because a new highway is built. 39 C.J.S. Highways § 134, p. 1070.
If all of the property owners abutting this highway agreed to an abandonment of the same, then the public might have no rights in the highway, but as long as the various adjoining property owners do not agree then the existing road or highway must remain open and must be maintained by the proper authority for use of such owners.
With reference to the matter of a relocated highway, the Annotator in 150 A.L.R., page 657, says: "Where one is deemed to acquire a private easement in a public street or highway from the mere fact that his property abuts thereon, such easement continues notwithstanding the vacation, abandonment or closing of the street or highway."
The decisions hold that not only is the street or road not vacated but that it is still a part of the public roadway system of Lexington County and therefore it cannot be closed and it is incumbent upon the proper authorities in Lexington County to maintain the roadway.
The principal cases on this point are:
1. Powell v. Spartanburg County, 136 S.C. 371, 134 S.E. 367;
2. Sloan v. State Highway Department, 150 S.C. 337, 148 S.E. 183. In the Powell case, the facts were very close to those in this case. The Court described the factual situation as follows:
*612 "The situation of the old road and the new may be compared roughly to a strung bow, the cord representing the new portion and the bow the old, geometrically the segment of a circle. The plaintiff and a number of others have property fronting on the old portion." [136 S.C. 371, 134 S.E. 368.]
As the Court remarked the damages in that action could not be remedied by payment of monies and the Court required the defendant to remove the obstruction and make physical connection between the old and the new road.
In the Sloan case, the Court said in a similar situation that the part of the old road cannot be closed without the consent of the adjoining property owners. The Court further observed that the sections of the existing road would pass into the hands of the County Road authorities "who no doubt will see that it is properly maintained as are other county road." [150 S.C. 337, 148 S.E. 184.]
It is true that the designation of a road as a state highway does not give abutting property owners any special property right which will prevent highway commission from designating another road as such highway rout; but, it is equally true that the abandoned highway resulting from the relocation may not be closed without the consent of the persons whose property fronts thereon or over whose land it passes. 40 C.J.S. Highways § 180, p. 53.
This is certainly true where the highway has been open for the period of prescription.
The North Carolina case of Davis v. Alexander, 202 N.C. 130, 162 S.E. 372, 374, is very similar to the facts of this case.
In the Davis case, an adjoining landowner sought to close an old highway. As the Court there remarked, "not even the legislature can take away such rights (in an abutting highway) without compensation."
The North Carolina case quotes with approval from the Sloan and Powell cases in our jurisdiction.
*613 The Court also approved in the Davis case the issuance of an injunction to give the plaintiff the necessary relief which he sought.
The North Carolina Court in Crawford v. Town of Marion, 154 N.C. 73, 75, 69 S.E. 763, 764, 35 L.R.A., N.S., 193, says:
"The remedy for injunction is appropriate to the abutter in a proper case. It will lie to prevent the deprivation of his right of access * * * and may be joined in the same action with a demand for damages."
The Master went into all of these matters and found the plaintiffs had proven their case by the proper rules of evidence and the Master found that the plaintiffs were entitled to the relief which they demanded in the complaint. The Master's report is full, comprehensive and clear and it is hereby confirmed in toto by this Court.
July 31, 1957.
PER CURIAM.
The order appealed from is supported, in addition to the authorities cited therein, by Brown v. Hendricks, 211 S.C. 395, 45 S.E. (2d) 603, and Bethel M.E. Church v. City of Greenville, 211 S.C. 442, 45 S.E. (2d) 841; and we find no error therein.
Let the order be reported as the judgment of this court.
TAYLOR, J., disqualified.