22457

R. L. VISSAGE, Appellant v. Donald D. GRAFE and Eleanor L. Grafe, Respondents.

(340 S. E. (2d) 534)

Supreme Court

*Alexander S. Macauley*, of *Miley, Macauley, Day & Agnew*, Walhalla, *for appellant.*

*Jean L. Awde*, of *Ross, Stoudemire & Merrill*, Walhalla, *for respondents.*

Heard Jan. 9, 1986.

Decided Feb. 3, 1986.

*Per Curiam:*

Appellant R. L. Vissage commenced this action against respondents seeking: (1) an injunction requiring respondents to remove obstacles blocking a road known as Cashier's Road; and (2) actual and punitive damages, costs, and attorney's fees. Respondents answered and counterclaimed for an injunction and damages. The matter was referred to a

special referee, who recommended that the actions be dismissed and the referee's fees be divided equally between the parties. The Circuit Court adopted the referee's recommendations. This appeal followed. We affirm.

Appellant first contends the lower court erred in finding that Cashier's Road had been abandoned. We disagree.

Cashier's Road was relocated between 1911 and 1928, and fell into general disuse, except for local access. In 1955, respondents' predecessor in title reconveyed the road to Oconee County; however, the county has not maintained the road for many years, and appears to make no claim to the road. The road continued to be used only for local access.

There is sufficient evidence that Cashier's Road was abandoned. *See State v. Mobley*, 26 S. C. L. 44 (1 McMul.) (1840); *Commissioners of Streets of Georgetown v. Taylor*, 2 S. C. L. 282 (2 Bay) (1800). Since the finding of abandonment by the special referee and trial judge are amply supported by the evidence, appellant's first contention is without merit. *See Townes Assoc. Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Next, appellant claims, notwithstanding any alleged abandonment, a right to use the road. He argues an easement over "The Brown Estate," property abutting Cashier's Road, permits him to use the road as an abutting owner. It is true abutting owners may still use an abandoned road unless they consent to the abandonment. *See Wessinger v. Goza*, 231 S. C. 607, 99 S. E. (2d) 395 (1957); *Taylor v. Cox*, 218 S. C. 488, 63 S. E. (2d) 470 (1951); *Powell v. Spartanburg County*, 136 S. C. 371, 134 S. E. 367 (1926). However, today we hold that the holder of an easement is not an abutting property owner under these circumstances. The plain meaning of an abutting tract compels this result. *See* 1 C. J. S. *Abut* 406.[1]

The final argument is the lower court erred in refusing to award damages to appellant. Since we agree with the special referee and circuit court that Vissage had no right to use

---

[1] Appellant also argues the lower court erred in refusing to reopen the case to admit a certified copy of the easement. Because we have determined the easement, whether oral or written, insufficient to support appellant's claim, we need not decide this issue.

Cashier's Road, it was proper to refuse to award damages. The order of the lower court is

Affirmed.[2]

---

[2] The owners of "The Brown Estate" were not made parties to this action. The lower court held, and we agree that nothing in this action shall in any way prejudice the rights of the owners of "The Brown Estate" concerning Cashier's Road.