Harper, J.
There is little doubt, I suppose, but that Horse creek must be regarded as a public high way. The several acts of the legislature in relation to it — that of 1796, of 1807, and of 1820, plainly so consider it. That of 1820, provides that no person shall obstruct Horse creek, so as to prevent the passage of boats, rafts, &c. and that all persons having mill dams on that stream, shall provide proper sluices or locks for the passage of such boats or rafts; in default of which, their dams are liable tobe cut, by the order of a magistrate. Under these acts, the citizens certainly have a right to navigate it, and it is not pretended that it comes under the description of a private way.
It was argued that Marsh was the original wrong doer, by erecting his dam on the defendant’s land ; that defendant had a right to eat it, and that if injurious consequences have resulted, Marsh, and not he, must be answerable. It would be difficult to devise the form of action to be brought by the plaintiff against Marsh. Marsh was a trespasser on defendant’s land and answerable to him for the trespass. Defendant had a right to abate that nuisance; yet certainly not *367 a more perfect right than he would have had to drain a pond or lake found on his own land, by cutting through his own soil. Yet if he had drained such a pond or lake, in such a manner as to do an injury to his neighbour’s plantation or his way, will it admit of question that he would have been answerable ? The maxim “so use your own as not to injure another,” applies. A man is supposed to foresee the probable consequences of his actions. In exercising his right of abating the nuisance inflicted upon him by Marsh, the defendant was bound to do it in.such a manner as not to injure third persons.
It was argued that the act of 1820, provides the remedy for obstructing the navigation of Horse creek, and that any other remedy is impliedly excluded. The only remedy provided by the act, is in the instance of persons having mill dams,- who neglect to leave open a proper passage. No remedy is provided for any other obstructions ; though it is declared in general terms, to be unlawful to obstruct the navigation of Horse creek. If persons have_ a right to navigate Horse creek, there must be a remedy for an unlawful interruption of the exercise of that right.' fin general, the remedy for similar injuries is by an action on the case.
But as I have already said, this must be regarded as a public highway, and in general, the remedy for a nuisance on a highway is by indictment; and the case put, Co. Lit. 56, where that is said to he the proper remedy, is like the present; “if a ditch he made over-thwart the highway, so that he cannot go.” In Bacon’s Abridgement, Tit. Nuisance, D. it is said that common nuisances against the public are only punishable by indictment. “But if by such nuisance, the party suffer a particular damage, as if by stopping up a highway with logs, &e. his horse throws him, by. -which he is wounded or hurt, an action lies.” It is added however, “but if a highway is stopped that a man is delayed in his journey a little while, and by reason thereof, he is damnified or some important affair neglected, this is not such special damage for *368 which an action on the case will lie 5 but a particular damage to maintain this action, ought to be direct and not consequential; as for instance, the loss of his horse, or some corporal hurt in falling into a trench on the highway, &c.” Referring to Carth. 194. This seems to be the settled law, founded on the inconvenience of allowing a separate action to every individual who suffers an inconvenience common to many. The motion for nonsuit is therefore granted.
Johnson, J. concurred.
O’Neall, J. dissented.