### DREWS v. E. P. BURTON & CO.

1. EVIDENCE.—In an action for damages to a schooner, plaintiff may testify to amounts paid for repairs within his personal knowledge, without producing vouchers where there is no evidence that expenditures were made by plaintiff as agent of defendant.

2. HIGHWAYS—NUISANCE—NEGLIGENCE.—The obstruction of a navigable stream otherwise than as permitted by statute is a nuisance, and one sustaining special injuries from such obstruction may recover without proof of negligence.

Before PRINCE, J., Charleston, November, 1905. Affirmed.

Action by Herman Drews against E. P. Burton & Co. From judgment for plaintiff, defendants appeal, on the following exceptions:

"It is respectfully submitted that his Honor, the Circuit Judge, erred:

"1st. In admitting against the objection of the defendant's counsel testimony relating to expenditures made to

put Schooner Lark in repair after the accident, without the production of the vouchers therefor, to wit: 'Q. (By Mr. Erckmann): How much did it cost you to put her in repair? Objected to by Mr. Nathans on the ground that if there are any vouchers to show expenditures they must be produced. By the Court: If he knows of his own knowledge he can testify to what he paid for repairs; if he is dependent upon books, the books must be produced. Ruling excepted to. And further, on Q. (By Mr. Erckmann): How much money, therefore, did you pay out? Objected to by Mr. Nathans on same ground. Overruled on same ground. Exception noted. A. I paid $305.00 for caulking and carpentering work on it.'

"2d. In admitting against the objection of defendant's counsel, after having directed the stenographer 'To strike out the testimony as to amounts paid caulkers and carpenters, unless the books are produced,' the following testimony: 'Q. (By Mr. Erckmann) How much timber did you buy? Objected to on the same grounds. Overruled. Exception noted. A. $15.00 worth of timber I bought.'

"3d. In stating to counsel and jury 'by the Court'— 'He has testified from his own memory what was paid the first and second week—I have only struck out the aggregrate'; whereas, he should have held that all of the testimony relating to the amounts paid caulkers and carpenters was incompetent unless the books or vouchers had been produced, witness having stated that entries thereof had been made in books.

"4th. In refusing defendants motion for nonsuit made on the following grounds—'1. That the plaintiff has failed to prove the allegation of his complaint, the material and sole allegation as a basis for a cause of action, which is the allegation of negligence in the fourth paragraph of the complaint. 2. And also that the entire evidence of the plaintiff failed to show any negligence on the part of the defendants,' and in the absence of such testimony for the jury to pass upon, the nonsuit should have been granted.

"5th. In refusing deefndants' renewed motion for non-suit after the closing of defendants' testimony made on the following ground: that there has been no proof of negligence.

"6th. In refusing defendants' renewed motion for nonsuit the refusal being based on the ground that under the decision of Smith against Gilreath the complaint was not solely an action for negligent obstruction of that stream as a public highway, but came within that case, making it unnecessary to show that the act complained of was negligently done, whereas it is submitted.

"1. That section 1375 of Civil Code of South Carolina on which the case of Smith v. Gilreath was based has no application to navigable streams.

"2. That even if it were within that case the nonsuit should have been granted, as there was no evidence to show that defendants had notice that the log was in said stream.

"3. That, if applicable to navigable streams the allegations of the complaint were not sufficient to state a cause of action under said section 1375.

"7th. In charging the jury as follows: 'But if you should find that it was the defendants' log, and that it had been permitted to escape or had escaped from the defendats' boom, then I charge you the burden of satisfying you it was permitted to escape without any fault on the part of the defendants is upon the defendants,' whereas he should have charged that the burden of proof of such negligence was on the plaintiff."

*Messrs. Nathans & Sinkler,* for appellants, cite: *An agent making disbursements for his principal must produce vouchers:* Bail. Eq., 226; 2 Strob. Eq., 315. *Under cause of action stated, negligence must be proved:* 69 S. C., 359; 123 Fed. R., 612; 29 Fed. R., 541. *Allegations not sufficient to state cause of action under section 1375:* 26 S. C., 290.

*Messrs. Burke & Erckmann* and *J. P. K. Bryan*, contra, cite: *Complaint states two causes of action:* 69 S. C., 353; 20 Ency., 594-5. Code 1375 applies to navigable streams, 11 Rich., 253; 199 U. S., 486. *Nonsuit as to common law action properly refused:* 46 S. C., 333; 45 S. C., 146; 91 U. S., 454; 68 S. C., 446; 63 S. C., 96; 111 U. S., 228; 30 U. S. Stat., 1121; 9 Rich., 465. *Also as to action under statute:* 69 S. C., 359; 63 S. C., 566; 53 S. C., 132; 54 S. C., 203; 136 U. S., 450; 45 S. C., 158; 54 S. C., 314: *As to books of entry:* 1 N. & McC., 186; 2 Bay, 362; 2 Whig. on Ed., sec. 1560; 13 Wall., 696. *Burden rests on defendant to show he comes within the terms of the act:* 17 Wall., 158; 15 Pet., 141, 446; 13 Pet., 43; 90 U. S., 78.

March 25, 1907. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages, alleged to have been sustained by the plaintiff, in consequence of injuries to his schooner, caused by a hidden log in a navigable stream.

The complaint alleges that the log was the property of the defendants, and that they negligently put and suffered it to remain in the navigable stream, as a dangerous obstruction to navigation; and, that the injury to the schooner was caused by the negligence of the defendants.

The defendants denied these allegations.

At the close of the plaintiff's testimony, the defendants made a motion for a nonsuit on the ground that there was no testimony tending to prove the allegations of negligence. The motion was, however, refused, but was renewed at the close of all the testimony, and again refused. The jury rendered a verdict in favor of the plaintiff for $350.00, and the defendant appealed upon exceptions which will be reported.

The first three exceptions relate to the admissibility of certain testimony, and will be considered together. They

are predicated upon the theory that the plaintiff, in making the expenditures for repairs, was the agent of the defendants. There is no testimony, however, sustaining this contention. Furthermore, the plaintiff was only permitted to testify, as to sums of money which, from his personal knowledge, he knew had been expended, and this was fully as competent, as if the vouchers had been produced. These exceptions are overruled.

All the other assignments of error, are dependent upon the question, whether it was incumbent on the plaintiff to prove negligence; and this involves the construction of the complaint.

Section 28, art. I, and section 1, art. XIV, of the Constitution provide, that all navigable waters shall forever remain public highways; and section 1335 of the Code of Laws concludes as follows: "If any person shall obstruct the same, otherwise than as hereinafter provided, such person shall be deemed guilty of a nuisance." (It is not contended that the obstruction herein, was made in the manner permitted by the statute.)

The allegations of the complaint are appropriate to two causes of action—one based on negligence, and the other arising from the creation of a nuisance. When a person sustains a special injury, such as is alleged in the complaint, arising from the obstruction of a navigable stream, he is entitled to recover damages, on·the ground that such obstruction constitutes a nuisance under the statute, as well as at common law. *Carey* v. *Brooks,* 1 Hill, 365. *Steamboat Co.* v. *R. R.,* 30 S. C., 539, 9 S. E., 650. *Steamboat Co.* v. *R. R.,* 46 S. C., 327, 24 S. E., 337; 21 Enc. of Law, 712, 713.

A nuisance is, in itself, a wrongful act; therefore, it is not necessary to prove negligence, which is another wrong, in order to recover damages caused by the *nuisance,* as negligence is no part of that cause of action.

His Honor charged the jury as follows: "If that log was the property of the defendant, and was negligently permitted

by the defendant to become an obstruction in a navigable stream, and this obstruction was the proximate cause of the plaintiff's injury, if he received any, then the plaintiff is entitled to his actual damages. I charge you on the other hand, that if the evidence establishes the fact to your satis-faction, that this was the defendant's log, but that it escaped by an accident from his boom, through no negligence of the defendant, its servants or agents having the boom in charge, and that the defendant, and its servants who were representing the master in charge of this boom, had no notice of it, of the fact that the log had escaped, and had not been guilty of any negligence in permitting it to escape, then the defendant would not be liable even if it was defendant's log. But if you should find that it was the defendant's log, and that it had been permitted to escape, or had escaped, from the defendant's boom, then I charge you the burden of satisfying you it was permitted to escape, without any fault on the part of the defendant, is upon the defendant.

"I don't know that I need charge you any further in a general way. The plaintiff must prove that the defendant, its servant or agent, placed this log in that stream, before he can recover, because that is what he has alleged, and negligently permitted it to become an obstruction to navigation. The burden of establishing that to your satisfaction, by the greater weight of the evidence, is upon the plaintiff. and unless plaintiff has done that you will find for the defendant."

It will thus be seen that the charge, in so far as it related to the cause of action based upon the nuisance was too favorable to the appellants; and even upon the question of negligence, they have no just cause of complaint.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS *concurs in the result.*