16017

BROWN *ET AL.* v. HENDRICKS

(45 S. E. (2d) 603)

*Messrs. Julien D. Wyatt* and *Felix L. Finley, Jr.,* of Pickens, for Appellant,

*Messrs. Mann & Arnold,* of Greenville, for Respondents,

December 5, 1947.

FISHBURNE, J.: This action was brought by the respondents against the appellant to abate and enjoin a public and

private nuisance arising from the unlawful obstruction of a public alley in the city of Easley. Pending the trial of the case, the respondents sought and obtained an order enjoining the appellant from proceeding with the erection of a brick building upon the alley until the rights of the parties could be determined. The appellant demurred to the complaint, charging that it failed to state a cause of action, and the demurrer was overruled. This appeal is prosecuted to reverse the judgment of the lower court.

It appears from the allegations of the complaint that there is within the city of Easley a strip of land ten feet in width extending from West Main Street northward to and beyond Runyon Alley. Runyon Alley is a public street running parallel with West Main Street. The appellant, Hendricks, owns a lot fronting 35 feet on West Main Street, which according to his deed, is bounded on the west by the 10 foot alley above mentioned. This lot has a depth of 102 1/2 feet, and was acquired by him on September 14, 1944. On December 2, 1944, the respondents, Shelton and Hollis, acquired by deed a lot on the other side of the alley, with a frontage of 105 feet on West Main Street, and extending back therefrom 100 feet to the property of the respondent, Smith, which is immediately to the rear of it. Their property, as shown by their deed, is bounded on the east by the above mentioned 10 foot alley. The lot of the respondent, Smith, is bounded on the north by Runyon Alley, and immediately across Runyon Alley is the property of the respondent, J. D. Brown, which is bounded on the east by the 10 foot strip in question.

Hence it appears that the public alley over which this controversy has arisen, is the western boundary of appellant and the eastern boundary of the property of all of the respondents. The immediate issue has to do with the southern extremity of it which lies between the property of the appellant, Hendricks, on one side, and the property of the respondents, Shelton and Hollis, on the other side, with West Main Street as the southern boundary, from which entrance into the alley is gained.

It is shown by the complaint that the appellant, when enjoined by the court, had commenced the construction of a brick building which covered the entire width of the alley from West Main Street to a depth of approximately 102 feet, thus blocking all passage through the alley from and to West Main Street.

The respondents allege that the appellant knows that the strip of land in question is a public alley, dedicated to the use of the public and the owners of the abutting property for more than twenty years, as a passage way, and as a means of ingress and egress to the property of respondents. That if appellant be allowed to close this public alley respondents will suffer irreparable damage and their respective properties will greatly depreciate in value because of the loss of a convenient means of access thereto by way of this alley.

Counsel for appellant have raised several questions, but it is evident that the main issue presented is whether or not respondents have alleged damages different, not only in degree, but also in kind, so as to exempt them from the rule that a private action does not lie to abate a public nuisance.

For the purpose of this case, the averments of the complaint must be treated as true. If so treated, the defendant has encroached upon and obstructed a public alley in the city of Easley which lies between the properties of appellant and respondents, and extends from West Main Street in a northerly direction to Runyon Alley, intersecting Runyon Alley.

There is no distinction in law between a public alley and a public street. 25 Am. Jur., Sec. 8, Page 344. And the obstruction of any public way is a public nuisance. *South Carolina Steamboat Co. v. Wilmington, C. & A. R. Co.,* 46 S. C. 327, 24 S. E. 337, 33 L. R. A. 541, 57 Am. St. Rep. 688.

To prevent a multiplicity of private actions, the law provides a remedy for public nuisances in the way of an indict-

ment, by which the nuisance can be abated or the offender punished by fine or imprisonment, or both. The respondents, however, allege in their complaint that they will suffer unusual and special damages on account of the erection of the nuisance by the appellant, and are therefore entitled to redress by a civil action—that is, to have the nuisance abated and enjoined at their own suit.

The respondents' contention rests upon a sound principle of law. The general rule is that a private individual who suffers no damage different from that sustained by the public at large, has no standing in court for the abatement of a public nuisance; but if he sustains an individual or specific damage in addition to that suffered by the public, he may sue to have the same abated if the remedy at law is inadequate. *City of Rock Hill v. Cothran,* 209 S. C. 357, 40 S. E. (2d) 239; *Belton v. Wateree Power Co.,* 123 S. C. 291, 115 S. E. 587; *Woods v. Rock Hill Fert. Co.,* 102 S. C. 442, 86 S. E. 817, Ann. Cas. 1917-D, 1149; 39 Am. Jur., Sec. 126, Page 383; 40 C. J. S., Highways, § 222; Annotation, 11 Ann. Cas., Page 287.

The situation shown by the complaint is that the respondents, Shelton and Hollis, own what might be described as a corner lot fronting south on West Main Street and abutting the public alley on the east. The property of the appellant, Hendricks, adjoins West Main Street, and lies contiguous to this alley on the west. The injury to the general public is simply the deprivation of the right of passage over and through the alley. The additional injury to the respondents is the complete obstruction of access to their property by way of the alley from West Main Street.

As was said in the case of *Hampton v. North Carolina Pulp Co.,* 223 N. C. 535, 27 S. E. (2d) 538, 544: "The real reason on which the rule denying individual recovery of damages is based—and the only one on which the policy it reflects could be justified—is that a purely public right is of such a nature that ordinarily an interference with it pro-

duces no appreciable or substantial damage—or at most, an inconvenience of no serious nature. To deny private redress, the incidence of infraction must be as uniformly public as the right which is exclusively committed to public protection. For instance, interference with a mere right to travel a highway usually entails no appreciable damage, however much the annoyance or inconvenience; but where by reason of a nuisance, however public, substantial injury is inflicted on the health, life, limb or property of the individual it will be found that another sort of right—more intimate, personal and important—has been invaded, for which the sterile satisfaction of public indictment, or abatement of the nuisance will not afford compensation; neither did the law so intend".

In *Wesson v. Washburn Iron Co.,* 13 Allen, Mass. 95, 103, 90 Am. Dec. 181, we find the following: "The real distinction would seem to be this; that when the wrongful act is of itself a disturbance or obstruction only to the exercise of a common and public right, the sole remedy is by public prosecution, unless special damage is caused to individuals. In such case the act of itself does no wrong to individuals distinct from that done to the whole community. But when the alleged nuisance would constitute a private wrong by injuring property or health, or creating personal inconvenience and annoyance, for which an action might be maintained in favor of a person injured, it is none the less actionable because the wrong is committed in a manner and under circumstances which would render the guilty party liable to indictment for a common nuisance. This we think is substantially the conclusion to be derived from a careful examination of the adjudged cases. The apparent conflict between them can be reconciled on the ground that an injury to private property, or to the health and comfort of an individual, is in its nature special and peculiar, and does not cause a damage which can properly be said to be common or public, however numerous may be the cases of similar damage arising from the same cause".

It was likewise held in *Leitzey v. Fellers,* 181 S. C. 401, 187 S. E. 740, and *Fanning v. Stroman,* 113 S. C. 495, 101 S. E. 861, that the remedy for the obstruction of a public or neighborhood road is by indictment, unless the complaining party establishes some specific damage to himself not common to the community and the public.

The right of the abutting property owner to access over the street adjacent to his property as an appurtenance to his property, and to have such access protected from material obstruction, has been recognized by many of the courts, including our own. And it has been held that an obstruction which materially injures or deprives the abutting property owner of ingress and egress to and from his property is a "taking" of his property, for which recovery may be had. And the fact that other means of access to the property are available affects merely the amount of damages, and not the right of recovery. *City of Rock Hill v. Cothran, supra,* and cases cited therein.

It is pointed out by the appellant that the respondents, Shelton and Hollis, have a means of access to their property on West Main Street, upon which it abuts; that the property of the respondent, Smith, adjoins Runyon Alley on its northern boundary, and that the property of the respondent, Brown, abuts Runyon Alley on its southern boundary. Therefore it is contended that having other means of access to their property, they will suffer no injury if the Alley be closed.

The decisions of the courts upon the right of the abutting property owner to recover where his access is obstructed on one street, but where he has a means of access from another street, are not uniform.

In the case of *Strunk v. Pritchett,* 27 Ind. App. 582, 61 N. E. 973, the court held that the obstruction of a public alley in the rear of the plaintiff's property constituted a special injury notwithstanding the fact that the approach to the front of the property was unobstructed; the court saying

that if the plaintiff was entitled to the use of the alley the existence of a different entrance at another place could not deprive her thereof.

To the same effect see *Fort Scott, W. & W. R. Co. v. Fox,* 42 Kan. 490, 22 P. 583.

A similar conclusion was reached in *Foster Lumber Co. v. Arkansas Valley & Western Ry. Co.,* 20 Okla. 583, 95 P. 224, 228, 100 P. 1110, 30 L. R. A., N. S., 231, where the court said: "We can see no reason that will justify the taking of one's special property right in one street because he may have a special property right in another street. If the plaintiff's property in this case is situated upon a corner of the block, and therefore adjacent to two streets, he has a right of ingress and egress to and from said property over both streets; and he who obstructs this access from one street and deprives the owner of the property of such property right cannot relieve himself of liability by pleading that the owner of the property may reach his property from another direction. The accessibility of one's property may in some instances constitute a great part of its value, and to permit a material impairment of his access would result in the destruction of a great part of the value of his property, and his property is therefore as effectually taken as if a physical invasion was made thereon and a physical injury done thereto".

We announced the same principle in *City of Rock Hill v. Cothran,* 209 S. C. 357, 40 S. E. (2d) 239, 244: "It is true that in the case at bar the property of appellants is a corner lot fronting on Ebenezer Avenue, and access would not be cut off from either direction on that street, but we do not think that the fact that appellants' propery is a corner lot would affect the situation if they have suffered special damages. It is clear here that by the closing of Laurel Street between West White and the railroad right-of-way, the value of appellants' property abutting on the unvacated portion of Laurel Street has been depreciated. The fact that they have

access by way of Ebenezer Avenue is one to be considered in estimating the damages to be awarded".

These authorities are in line with the generally recognized principle that a property owner has an easement in a street upon which his property abuts, which is special to him and should be protected. While the owner of a lot on a public street has the same right to the use of the street that rests in the public, he at the same time has other rights which are special and peculiar to him; and the right of ingress and egress is one of them. This right of access is appurtenant to his lot, and is private property. To destroy that right is to damage that property.

It is contended by appellant that if the respondents have any cause of action, it would have to be for damages and not for abatement through injunction.

We are, however, of the opinion that one who suffers damage through the erection of a public nuisance, unusual and special to himself, is not confined in his remedy to an action merely for damages, especially where the damage arises from an injury and obstruction to the free use and enjoyment of his property—lands and tenements—as in this case. In Wood on Nuisances, Page 119, it is said: "When the injury is not susceptible of adequate compensation in damages, or where the injury is a constantly recurring grievance, a court of equity will interpose by injunction".

We quote from 40 C. J. S., Highways, § 226, subsection (b) : "Where a road is shown to be an existing public highway, a private individual is entitled to an injunction against encroachments, or obstructions thereon when, and only when, he has sustained special damage, different not merely in degree but in kind from that suffered by the public at large * * *."

Appellant calls attention to the cases of *South Carolina Steamboat Co. v. Wilmington, C. & A. R. Co.*, 46 S. C.

327, 24 S. E. 337, 33 L. R. A. 541, 57 Am. St. Rep. 688, and *South Carolina Steamboat Co. v. South Carolina R. Co.,* 30 S. C. 539, 9 S. E. 650, 651, 4 L. R. A. 209, 14 Am. St. Rep. 923, where it was said: "The injury must be particular—as several of the cases express it, 'special or peculiar',—must result directly from the obstruction, and not as a *secondary consequence thereof,* and must differ in kind, and not merely in degree or extent, from that which the general public sustains". (Emphasis added.)

These two cases had to do with the right of the public in connection with the unlawful obstruction of a navigable stream, and did not deal with the damage or injury to abutting property. But the rule announced therein, with its illustrations, if applied here—that is, that the injury must not only be special or peculiar, but must result directly from the obstruction, and not as a secondary consequence thereof, is too rigidly and too narrowly stated. It has been modified, as will be seen by reference to *City of Rock Hill v. Cothran,* 209 S. C. 357, 40 S. E. (2d) 239. A more liberal doctrine was recognized in *McLauchlin v. Charlotte and South Carolina Railroad Company,* 5 Rich. Law 583, 39 S. C. L. 235.

The property involved in this lawsuit is located in the business section of the city of Easley, and the injury and damage alleged by the respondents is of a permanent and continuing character. They charge that in consequence of the obstruction and physical taking of the alley, they will be irreparably damaged and their abutting property will greatly depreciate in value. The facts alleged in the complaint are not proved, of course. If on trial the respondents fail to establish that their property rights have been materially impaired or irreparably damaged, then they would not be entitled to the injunctive relief prayed for.

Our conclusion, from a careful examination of the complaint, is that it does set forth a cause of action for the obstruction of a public alley. It would be tantamount to a denial of justice to dismiss the respondents' suit without giving

them a hearing on the merits. Whether proof will or can be made substantiating the allegations, is not before us.

We agree with appellant that no sufficient cause of action has been stated in the complaint as to a private way or easement vested in respondents in this public alley, and, as to this, the order of the circuit court must be modified. But, as heretofore stated, a good cause of action is alleged that this strip of land is a public alley dedicated to the use of the public, in which the respondents as abutting property owners have certain rights.

Error is assigned because at the hearing before the circuit court at which a temporary injunction was granted, the court upon motion of respondents authorized the amendment of the complaint by substituting the word "twenty" for the word "ten", so that the allegation could be made that this alley had been dedicated to the public use for more than twenty years. The appellant has suffered no prejudice by reason of this amendment, nor is there any suggestion that he was taken by surprise. The exception raising this issue must, therefore, be overruled.

Judgment affirmed.

BAKER, CJ., and STUKES, TAYLOR, and OXNER, JJ., concur.