16595

CROSBY v. SOUTHERN RY. CO.

(69 S. E. (2d) 209)

*Messrs. Moss & Moss,* of Orangeburg, and *Frank G. Tompkins, Jr.,* of Columbia, *for Appellant,* cite:

*Messrs. Hydrick & Hydrick,* of Orangeburg, *for Respondent,* cite:

136

February 20, 1952.

STUKES, Justice.

This appeal is from a formal order overruling the defendant's demurrer to the complaint. In the latter it is alleged in substance that plaintiff's suburban Orangeburg home is accessible only by the use of a highway or street which defendant's tracks traverse. When plaintiff was moving into his home in October, 1949, the defendant blocked the street with railroad cars for about twenty-four hours which, inferably, were there for the uloading of shows for exhibition on the nearby county fair grounds. Plaintiff had his furniture exposed on an uncovered vehicle, for which there was no available storage place; and he repeatedly requested defendant to move the cars, which was not done until the next morning about ten or eleven o'clock. There was a similar incident about a year later, in October, 1950, at which time plaintiff's wife was sick and bedridden and in need of the attention of a physician. Despite repeated requests again, defendant allowed its cars to obstruct access to plaintiff's home for about twenty-four hours. It is further alleged that denfendant's conduct, as described, was willful, wanton and in utter disregard of the rights of plaintiff, who was thereby denied the reasonable use of his property as a residence which was depreciated in value, whereby plaintiff suffered actual and punitive damages in the amount of $2,800.00, which were proximately caused by defendant's wilful and wanton conduct aforesaid.

Defendant moved for an order requiring plaintiff to elect, quoting from the motion, "upon which of the purported causes of action set forth in his complaint he proposes to go to trial." Upon the hearing of the motion plaintiff's counsel announced, again quoting from the appeal record, "that he construed the complaint to set forth only one cause of action, sounding in tort, to recover actual and punitive damages for

a diminution in the value of his real property and for the deprivation of the reasonable use and occupancy thereof on the occasions in question." The order upon the motion concluded that the quoted election by plaintiff is binding upon him as to the theory of the cause of action on which he will go to trial. There was no appeal from the order, which was dated Aug. 15, 1951, and it is therefore the law of the case.

After the proceedings which have been stated, the defendant filed the following demurrer to the complaint, which was overruled, whence this appeal: "The defendant demurs to the complaint in the above-entitled action upon the grounds that the same does not state facts sufficient to constitute a cause of action, in that (a) the plaintiff has alleged no special or peculiar damage to himself differing in kind to that to which all others in common with him are exposed resulting directly from the obstruction complained of; (b) that it appears upon the face of the complaint that plaintiff's remedy, if any, is by indictment; (c) that it appears upon the face of the complaint that plaintiff has suffered no actionable damage resulting directly from the alleged delicts; (d) it appears upon the face of the complaint that if plaintiff has suffered any damage, the same is nominal, for which recovery cannot be had in an action arising out of a public nuisance."

Appellant's exceptions preserve, in substance, the several points of the demurrer but its brief presents a single question, as follows: "Does the complaint * * * allege facts which show actionable damage to plaintiff's property?"

Respondent first contends that the order on motion to require him to elect should be held to forestall appellant from subsequently demurring to the complaint, because it was thereby adjudicated, in effect, that respondent had stated a cause of action for damage to the value of his real estate which he elected, or so construed the complaint. It is further argued by respondent that appellant's motion for an election was based upon the assumption that the complaint stated a cause of action, which precluded ap-

pellant from thereafter demurring. However, the record does not show that these points were made or decided in the lower court, and they will not be considered here; which brings us to the merits of the demurrer.

Review of the decisions which have been cited by appellant to sustain its appeal will show the futility of them for appellant's purpose. Indeed, those which are pertinent constitute authority of contrary effect.

The oldest of these decisions is *Devereux v. Champion Cotton Press Co.*, 17 S. C. 66, which was an action for damages for injury to the value of plaintiff's house and lot which it was alleged arose from the operation of the works of the company and the manner in which it conducted its business. Part of the complaint was that the defendant blocked the street with bales of cotton and, quoting, "sometimes completely obstructs the passage of vehicles and persons" etc. The issues were submitted to the jury which returned verdict for the defendant; and the appeal by the plaintiff was upon complaint of error in the instructions, particularly that a request to charge was refused which would have included in the elements of damage the loss of rents. It was concluded by the court that if there was error in the instructions, it was not prejudicial to plaintiff and the verdict and judgment were affirmed, without question of the propriety of the submission of the case to the jury.

*Baltzegar v. Carolina Midland Ry. Co.*, 54 S. C. 242, 32 S. E. 358, was the sustention of demurrer to complaint in an action for damages for the obstruction of the flow of surface water by reason of the erection of an enbankment, whereby water was ponded, became stagnant and polluted the air about plaintiff's nearby dwelling. The court followed the common law that ordinarily a landowner may deal with surface water as he pleases, unless he thereby creates a nuisance *per se* and of injury to the public generally, which latter was not alleged in the complaint. Granting, however, that a nuisance was alleged, it was found to be public and

the complaint did not show that the damages alleged to have accrued to the plaintiff differed in kind to those suffered by the public generally. It is seen, therefore, that the case dealt with a subject entirely foreign to that of the case *sub judice* and for that reason it is unnecessary to further comment upon it.

*Allen v. Union Oil & Mfg. Co.,* 59 S. C. 571, 38 S. E. 274, 277, involved the question of whether the cause of action alleged in the complaint survived the death of the plaintiff. It was a suit for damages to the value of plaintiff's residence by reason of the effects of defendant's adjacent gin and cotton seed oil mill. The case is rather against appellant's position, than in favor of it. The condition was referred to as a nuisance which, to be actionable, must produce physical injury to the real estate of plaintiff, as distinguished from discomfort or inconvenience, or even bodily injury to the person of the owner. The following is quoted from the opinion: "So, also, if one's easement of access to his real estate over a public way is specially and materially affected, such injury to his property right is an injury to real estate, within the statute. In *Devereaux* [Devereux] *v. Champion Cotton-Press Co.,* 17 S. C. 66, it was assumed on circuit, and not disputed, that the blocking of a street was actionable if thereby the plaintiff's real property was injuriously affected." The court, in effect, held that the complaint sufficiently stated a cause of action (the question was principally whether it survived) and referred to it as being constituted in part of the obstruction of plaintiff's easement in the use of the street as a means of access to his property, and the obstruction was not so complete as it inferably was in this case as is seen by reference to the eleventh paragraph of the complaint in that case, as follows: "XI. That by reason of the maintaining, running and operating the said cotton ginning plant by the defendant upon its said premises the streets about plaintiff's said home and premises at certain times (when the ginning and packing of cotton is going on) are obstructed and jammed by the incoming, outgoing and

waiting wagons and teams of the customers of the defendant, which have continued and still continue to annoy and inconvenience this plaintiff, his family and servants, rendering his premises ineligible as a place of residence and untenantable."

*South Bound R. R. Co. v. Burton,* 67 S. C. 515, 46 S. E. 340, was a suit to enjoin contiguous landowners from prosecuting statutory proceedings to obtain compensation for depreciation of their properties in the city of Columbia, which resulted from the construction and operation of plaintiff's railroad on Lincoln Street. The right of the landowners to recover the amounts of the depreciation in value of their properties was sustained; but it was said that the depreciation must be substantial, not fanciful or conjectural, or mere inconvenience or annoyance. *Allen v. Union Oil Co., supra,* was cited for the postulate that there must be substantial physical injury to the real estate.

The last decision cited by appellant is *Brown v. Hendricks,* 211 S. C. 395, 45 S. E. (2d) 603, which overruled defendant's demurrer to the complaint in equity to abate and enjoin an alleged public and private nuisance arising from the obstruction of an alley which adjoined plaintiff's properties. The opinion expressly recognized the alternative remedy of action at law for damages; indeed, the defendant contended that the latter (which is pursued in the case at bar) existed exclusively. The opinion is replete with authorities on the general subject.

There is no need for further reason or authority for affirmance because the relevant cases which have been cited support the complaint in this action, if the plaintiff is able to show on trial that his property has been substantially depreciated in value by the acts of appellant which are described in the complaint. The court cannot say, on the bare allegations of the complaint, that the damage to plaintiff's property is not substantial, although it does appear to be small. On the contrary, respondent lays his damages at

$2,800.00, which is quite substantial. Corresponding proof may not be forthcoming, but that is for the trial to develop, and cannot be determined on demurrer. This adversely disposes of all the points of the demurrer which appellant summarizes in its brief as follows: "Plaintiff's cause of action arises out of an alleged public nuisance; consequently, the only actionable damage which would be recoverable in an action of this type is the depreciation in the value of plaintiff's property resulting directly from the obstruction, and for such damages to be recoverable, they must be substantial and not nominal."

For the general law on this and allied subjects, reference may be had to 44 Am. Jur. 578, Railroads, sec. 363; *Staton v. Atlantic Coast Line R. Co.*, 147 N. C. 428, 61 S. E. 455, 17 L. R. A., N. S., 949; and note, 29 L. R. A., N. S., 643, entitled, "Parking cars or making up trains, within city limits."

The order is affirmed.

FISHBURNE, TAYLOR and OXNER, JJ., and G. BADGER BAKER, A. A. J., concur.