17158

DONALD HUGGIN, Appellant, v. GAFFNEY DEVELOPMENT COMPANY and GAFFNEY COUNTRY CLUB, Respondents

(92 S. E. (2d) 883)

E. W. Johnson, Esq., of Spartanburg, *for Appellant,*

*Messrs. J. Claude Fort, Edward W. McMillan* and *Joe H. Hall*, of Gaffney, *for Respondents,*

May 11, 1956.

OXNER, Justice.

Plaintiff seeks in this action to recover damages for obstructing a public road and an order requiring defendants to remove the obstruction and reopen said road. The case comes before us on appeal by plaintiff from an order sustaining a demurrer to the complaint upon the grounds (1) that the plaintiff lacked legal capacity to bring the action, and (2) that there was a defect of parties plaintiff and defendant in certain specified particulars.

It appears from the complaint that plaintiff owns a tract of land in Cherokee County through which runs a public road connecting South Carolina State Highway No. 11 and

State Highway No. 105. According to the plat attached to the complaint, the distance between these two highways along this road is approximately two miles. Highway No. 11 is the main thoroughfare between Gaffney and Union, South Carolina. Leaving this highway, the road in controversy runs approximately 2,200 feet through the property of one R. L. Huggin, thence in an irregular direction through the property of the defendant Gaffney Development Company, now leased to its co-defendant Gaffney Country Club, a distance of around 2,000 feet, and thence approximately 2,500 feet through the property of the plaintiff. The distance along this road from plaintiff's farm to State Highway No. 105 is around 3,600 feet. It is stated in the complaint that during the early part of 1955, defendants closed the portion of the road running through the country club property and have since denied the public the right to travel across same.

Plaintiff alleges that by reason of the obstruction of said road by defendants, he has been denied access to State Highway No. 11; that he purchased his farm with the intention of cultivating it with labor conveniently located on or near Highway No. 11 but since the obstruction of the highway has been unable to get labor from this area, causing a crop loss of $150.00; and that the closing of said road has depreciated the value of his property in the amount of $1,000.00.

Defendants contend (1) that the obstruction of a highway is a public nuisance, which can only be redressed by indictment; (2) that the road in controversy is under the sole supervision and control of Cherokee County which is the real party in interest; (3) that in the absence of a demand upon and refusal by the county authorities to remove the obstruction, a private party cannot maintain an action of this kind; (4) that plaintiff has not alleged damages different in kind and degree from those sustained by the public in general; and (5) that R. L. Huggin and others owning property on the road in controversy are necessary parties.

Assuming that all the foregoing questions have been properly raised by the demurrer, we do not think any of them can be sustained.

The cardinal question presented is whether plaintiff ■ has alleged damage different in kind and not merely in degree from that suffered by the public at large. While ordinarily an indictment is the remedy for obstruction of a public highway, it is well settled "that a private citizen may maintain a civil action for damages or abatement with respect to a public nuisance upon allegation and proof of such obstruction and of direct and special damages resulting to him, different in kind from what the public may sustain." *Gray & Shealy v. Charleston & W. C. R. Co.,* 81 S. C. 370, 62 S. E. 442, 443. The authorities on this subject were reviewed at length and ably discussed by Mr. Justice Fishburne in the following cases: *City of Rock Hill v. Cothran,* 209 S. C. 357, 40 S. E. (2d) 239; *Brown v. Hendricks,* 211 S. C. 395, 45 S. E. (2d) 603; *Bethel Methodist Episcopal Church v. City of Greenville,* 211 S. C 442, 45 S. E. (2d) 841. Also, see the well considered opinion of Mr. Chief Justice Stukes in *Crosby v. Southern Ry. Co.,* 221 S. C. 135, 69 S. E. (2d) 209. In *Brown v. Hendricks, supra* [211 S. C. 395, 45 S. E. (2d) 606], the Court said:

"The right of the abutting property owner to access over the street adjacent to his property as an appurtenance to his property, and to have such access protected from material obstruction, has been recognized by many of the courts, including our own. And it has been held that an obstruction which materially injuries or deprives the abutting property owner of ingress and egress to and from his property is a 'taking' of his property, for which recovery may be had. And the fact that other means of access to the property are available affects merely the amount of damages, and not the right of recovery."

After a further discussion of several cases, the Court stated:

"These authorities are in line with the generally recognized principle that a property owner has an easement in a street upon which his property abuts, which is special to him and should be protected. While the owner of a lot on a public street has the same right to the use of the street that rests in the public, he at the same time has other rights which are special and peculiar to him; and the right of ingress and egress is one of them. This right of access is appurtenant to his lot, and is private property. To destroy that right is to damage that property."

Accepting the allegations of the complaint as true and giving them a liberal construction, as we are required to do in passing on a demurrer, we think under the foregoing authorities that the facts stated reasonably warrant an inference that plaintiff has sustained damage different in degree and kind from that suffered by the public generally and, therefore, is entitled to maintain this action. And his right to do so is not affected by any action or non-action on the part of the public authorities with reference to removal of the obstruction.

Finally, it is contended that there is a defect of parties because all others owning property fronting on the road in controversy were not joined as parties to the action. Assuming that they are proper parties to an action of this kind, they are certainly not necessary parties. Non-joinder of a proper, as distinguished from a necessary, party is not ground for demurrer. *Kirton v. Howard,* 137 S. C. 11, 134 S. E. 859.

The order sustaining the demurrer is reversed, with leave to defendants to file an answer within twenty days after the filing of the remittitur.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.