614 S.E.2d 619

**Karl Albert OVERCASH, III, Respondent,**

**v.**

**SOUTH CAROLINA ELECTRIC AND
GAS COMPANY, Petitioner.**

**No. 25990.**

Supreme Court of South Carolina.

Heard Feb. 2, 2005.
Decided May 31, 2005.
Rehearing Denied July 8, 2005.

570

Robert A. McKenzie and Gary H. Johnson, II, of McDonald, McKenzie, Rubin, Miller, and Lybrand, L.L.P., all of Columbia, for Petitioner.

A. Camden Lewis, of Lewis, Babcock & Hawkins, L.L.P., and Fred A. Walters, both of Columbia, for Respondent.

Justice BURNETT:

We granted a writ of certiorari to review the Court of Appeals' decision in *Overcash v. South Carolina Electric & Gas Co.*, 356 S.C. 165, 588 S.E.2d 116 (2003). We reverse.

## FACTUAL/PROCEDURAL HISTORY

Respondent Karl Albert Overcash, III (Overcash) brought this action seeking damages against Appellant South Carolina Electric & Gas Company (SCE & G) for the injuries he sustained, alleging, among other things, statutory and common law public nuisance. Overcash was severely injured when his boat collided with a dock owned by Sarah and Crawford Clarkson. Overcash alleges the dock connected the Clarkson's property to a small island more than 200 feet from their property and across the navigable waters of Lake Murray. Overcash further alleges SCE & G allowed the dock to be built, deeded the island to the Clarksons, and granted a post-construction permit for the dock.

The Clarksons settled the claims against them and are no longer a party to the suit. The circuit court granted SCE & G's motion to dismiss Overcash's public nuisance cause of action pursuant to Rule 12(b)(6), SCRCP, concluding: (1) personal injuries are not "special injuries" and thus cannot be the basis for a private action for public nuisance; and (2) a

private cause of action for public nuisance does not exist pursuant to S.C.Code Ann. § 49–1–10 (1987).

The Court of Appeals reversed and remanded the case to circuit court concluding: (1) Overcash could maintain a common law cause of action under the doctrine of public nuisance for merely personal injuries; and (2) S.C.Code Ann. § 49–1–10 provides a private, statutory cause of action for public nuisance.

## ISSUES

I. Did the Court of Appeals err in recognizing a common law cause of action under the doctrine of public nuisance for purely personal injuries?

II. Did the Court of Appeals err in holding S.C.Code Ann. § 49–1–10 provides a private, statutory cause of action for public nuisance?

## LAW/ANALYSIS

■■■■ A motion to dismiss a claim pursuant to Rule 12(b)(6), SCRCP, must be based solely on the allegations set forth on the face of the complaint. The motion will not be sustained if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case. *Toussaint v. Ham,* 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987). "[A] judgment on the pleadings is considered to be a drastic procedure by our courts." *Russell v. City of Columbia,* 305 S.C. 86, 89, 406 S.E.2d 338, 339 (1991). Therefore, pleadings in a case should be construed liberally and the Court must presume all well pled facts to be true so that substantial justice is done between the parties. *Stroud v. Riddle,* 260 S.C. 99, 102, 194 S.E.2d 235, 237 (1973).

### I.

■■■ The Court of Appeals concluded Overcash's personal injuries constitute direct and special injuries, which support a private tort action for public nuisance. We decline to venture into what William Prosser has termed the "impenetrable jungle," electing instead to follow the well-beaten path to which South Carolina nuisance jurisprudence has long ad-

hered. *See* W. Page Keeton, Dan B. Dobbs, Robert E. Keeton & David G. Owen, *Prosser & Keeton on Torts* § 86 at 616 (5th ed.1984). We reverse.

Under English common law, an action for nuisance was reserved for an interference with the use or enjoyment of rights in land. William L. Prosser, *Private Action for Public Nuisance*, 52 Va. L.Rev. 997 (1966). As noted by the Court of Appeals, modern nuisance law originates from the medieval English criminal writ of "purpresture." The earliest cases involved purprestures, encroachments upon the royal domain or the king's highway, and were redressed by the crown in a criminal proceeding. According to Prosser, "[t]here was sufficient superficial resemblance between the obstruction of a private right of way and the obstruction of a public right of passage to content the judges with calling the latter a nuisance as well." *Id.* at 998. Thus was born the public nuisance. Over time, the public nuisance doctrine has been expanded to cover other invasions of the rights of the general public including violations of the public order, decency, morals, and health. 58 Am.Jur.2d *Nuisances* § 39 (2002).

The dissent by Justice Fitzherbert in a 1536 King's Bench decision derailed the course of nuisance law as a branch of the common law, which once dealt only with harm to real property. Justice Fitzherbert argued against the contemporaneous understanding of the law in advocating an individual's action for special or particular damage, including personal injury, should be recognized under a cause of action for public nuisance. Y.B. Mich. 27 Hen. 8, f. 26, pl. 10 (1536). Although Justice Fitzherbert's view has been widely followed by other courts, we decline to recognize a common law cause of action under the doctrine of public nuisance for purely personal injuries.

South Carolina has avoided the uncertainty and confusion surrounding personal injuries in public nuisance actions. The cases in South Carolina concerning a private action for a public nuisance have involved an alleged damage to an individual's real or personal property as the "special injury" required to maintain an action for public nuisance. *See e.g., Burrell v. Kirkland,* 242 S.C. 201, 130 S.E.2d 470 (1963) (abutting landowner requested injunction for neighbors' obstruction of public road); *Huggin v. Gaffney Dev. Co.,* 229 S.C. 340, 92 S.E.2d

883 (1956) (plaintiff sues for damages on alleged obstruction of public road alleging he was unable to obtain agricultural labor from a source at the opposite end of the road); *Crosby v. Southern Ry. Co.*, 221 S.C. 135, 69 S.E.2d 209 (1952) (plaintiff alleged diminution in value of real property cause by blocked street).

This Court has never specifically concluded that an individual has a common law cause of action under the doctrine of public nuisance for purely personal injuries. The Court of Appeals relies on the decisions in *Drews v. Burton & Co.*, 76 S.C. 362, 57 S.E. 176 (1907) and *Carey v. Brooks*, 19 S.C.L. 365, 1833 WL 1682 (Ct.App.1833). In *Drews*, the plaintiff brought an action for negligence arguing that a log from the defendant's mill drifted into navigable waters and damaged the plaintiff's schooner. In deciding the merits of the defendant's argument, the Court found that Section 1335 of the Code of Laws of 1902 provided that any person who obstructed a navigable waterway was guilty of nuisance. The Court, citing *Carey*, stated "[w]hen a person sustains a special injury . . . arising from the obstruction of a navigable stream, he is entitled to recover damages, on the ground that such obstruction constitutes a nuisance under the statute, as well as at common law." *Id.* 76 S.C. at 366, 57 S.E. at 178.

The decision in *Drews* does not recognize a cause of action for purely personal injuries under a public nuisance theory. In *Drews*, the plaintiff alleged property damage to his schooner, not injuries to his person. We do not read the Court's holding to sanction an individual's recovery for personal injuries in a public nuisance action.

Likewise, the decision in *Carey*, did not involve personal injuries. In *Carey*, the plaintiff brought an action to recover for the obstruction of a navigable waterway, a public nuisance. The obstruction caused a delay in the delivery of the plaintiff's lumber to a third party, which resulted in damages. The court concluded if by such nuisance, a party suffers a particular damage, the plaintiff could recover. The Court of Appeals then recited Justice Fitzherbert's general illustration regarding corporeal hurt to the individual as constituting a "special injury."[1] We conclude the Court of Appeals rested its deci-

---

1. Justice Fitzherbert's famous hypothetical is the origin of the modern special injury rule, which is often referred to and widely accepted by

sion in large part on the dicta contained in this case. To the extent the decisions in *Drews* and *Carey* suggest we recognize a cause of action for purely personal injuries under the doctrine of public nuisance, we hereby overrule those cases.[2]

We conclude the special or particular injury requirement necessary for an individual to maintain a cause of action for public nuisance is satisfied only by injury to the individual's real or personal property. For the protection of the person, South Carolina has well developed tort-based doctrines which can redress wrongs resulting in personal injuries sustained by an individual. The addition of personal injury to public nuisance actions in South Carolina would perpetuate the erosion of any semblance of doctrinal consistency in the common law of nuisance. Therefore, we reverse.

## II.

■ SCE & G argues the Court of Appeals erred in finding that a private right of action exists from a violation of S.C.Code Ann. § 49–1–10 (1987). We agree.

Section 49–1–10 provides the following:

... [A]ll navigable watercourses and cuts are hereby declared navigable streams and such streams shall be common highways and forever free.... If any person shall obstruct any such stream ..., such person shall be guilty of a nuisance and such obstruction may be abated as other public nuisances are by law.

The Court of Appeals improperly relied on *Drews*, 76 S.C. 362, 57 S.E. 176, and failed to look for intent on the part of the

---

courts. Fitzherbert envisioned a rider on horseback who is thrown when he encounters a ditch across the highway. Because the rider was injured and suffered greater damage than all others, Fitzherbert argued the rider should have action for public nuisance against the maker of the ditch. *See* Y.B. Mich. 27 Hen. 8, f. 26, pl. 10 (1536).

**2.** The decisions in *Brown v. Hendricks*, 211 S.C. 395, 45 S.E.2d 603 (1947) and *Bowlin v. George*, 239 S.C. 429, 123 S.E.2d 528 (1962) also contain dicta stating the "special injury" requirement would be satisfied by injury to "property or health." To the extent an injury to "health" implies personal injuries, we decline to adopt the dicta in these cases suggesting an individual has a cause of action in public nuisance for purely personal injuries.

legislature to create a private cause of action. In *Drews*, the Court found that Section 1335 of the Code of Laws of 1902 provided that any person who obstructed a navigable waterway was guilty of a nuisance. The Court also stated in dicta that a person who sustains a special injury from the obstruction of navigable waterways is able to recover damages on the ground that such an obstruction constitutes a nuisance both under the statute and at common law. *Drews*, 76 S.C. at 366, 57 S.E. 176 at 178.

Section 1335 provided "if any person shall obstruct [a navigable waterway], . . . such person shall be deemed guilty of nuisance, and any such obstruction may be abated as other public nuisances are by the laws of this State." Section 1335 and Section 49–1–10 are practically identical in substance. However, the issue of a private right of action under Section 1335 was not squarely before the Court in *Drews*.

■ The main factor in determining whether a statute creates a private cause of action is legislative intent. *Dorman v. Aiken Communications, Inc.*, 303 S.C. 63, 398 S.E.2d 687 (1990). In *Dorman*, we stated,

The legislative intent to grant or withhold a private right of action for violation of a statute or the failure to perform a statutory duty, is determined primarily from the language of the statute. . . . In this respect, the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability.

*Id.* at 67, 398 S.E.2d at 689 (quoting *Whitworth v. Fast Fare Markets of S.C., Inc.*, 289 S.C. 418, 420, 338 S.E.2d 155, 156 (1985)).

Section 49–1–10 reveals no legislative intent to create a private cause of action. Section 49–1–10 is found within the section of the Code entitled Waters, Water Resources, and Drainage. The section contains criminal penalties and allows for abatement of the nuisance. The statute is primarily for the benefit and protection of the public generally, and we conclude no private right of action exists for its violation.

## CONCLUSION

For the foregoing reasons, the Court of Appeals' opinion reversing the circuit court's order dismissing Overcash's cause of action for public nuisance is reversed and the case remanded for further proceedings consistent with this opinion.

MOORE and WALLER, JJ., concur.

TOAL, C.J., dissenting in part and concurring in part in a separate opinion in which PERRY M. BUCKNER, concurs.

Chief Justice TOAL.

I join in Part II of the opinion, but decline to join in Part I. In my view, a plaintiff may maintain a cause of action for public nuisance for personal injuries upon a showing of special injury. Therefore, I dissent in part and would affirm the court of appeals' decision in result.

In my opinion, the majority misconstrues the concept of a public nuisance. According to the majority, Overcash's personal injuries can be separated from the injury to property. In my view, no distinction can be drawn between personal physical injury and injury to property. I cannot find a rationale to separate Overcash's physical injury from that of his boat. As the majority construes common law nuisance, Overcash can recover for the injury to his boat, but not for the injury to his person. I think this approach is illogical and flies in the face of basic hornbook law. *See* Restatement (Second) of Torts 821C (stating that when a public nuisance causes personal injury to the plaintiff or physical harm to his land or chattels, the harm is normally different in kind from that suffered by the other members of the public and the tort action may be maintained); William L. Prosser, *Private Action for Public Nuisance,* 52 Va. L.Rev. 997, 1012 (1966) (opining that there can now be no doubt that the nuisance action can be maintained where a public nuisance causes physical injury); 58 Am.Jur.2d *Nuisances* § 252 (2002) (stating that personal injuries are sufficient to show an individual's peculiar injury as required to maintain an action for public nuisance and injuries to a person's health are by their nature special and peculiar for the purposes of maintaining such an action).

Accordingly, I would affirm the holding of the court of appeals recognizing a common law cause of action for public nuisance for personal injury and remand the case to circuit court for trial on that cause of action. In addition, I would reverse the decision and recognize a private cause of action under S.C.Code Ann. § 49–1–10 (1987).

Acting Justice PERRY M. BUCKNER, concurs.