THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 J.N. Veronie
 and Laura K. Veronie, Appellants,
 
 
 

v.

 
 
 
 303 Associates,
 LLC and Lowcountry Real Estate, Respondents.
 
 
 

Appeal from Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2012-UP-044
 Heard December 5, 2011  Filed January 25,
2012    

REVERSED AND REMANDED

 
 
 
 James H. Moss, Moss, Kuhn & Fleming,
 P.A., of Beaufort, for Appellants.
 David W. Overstreet and Douglas W.
 Mackelcan, both of Charleston, and Ralph E. Tupper of Beaufort, for
 Respondents.
 
 
 

PER CURIAM:  J.N. and Laura K. Veronie (the Veronies)
 brought this action against 303 Associates, LLC (303) for breach of contract and
 Lowcountry Real Estate (Lowcountry) for breach of contract, fraud, negligent misrepresentation,
 and negligence.  On appeal, the Veronies argue the circuit court erred in
 granting summary judgment to 303 before the completion of discovery. 
 Additionally, the Veronies contend the circuit court erred in granting
 Lowcountry's Rule 12(b)(6), SCRCP, motion to dismiss.  We reverse and remand.

1. We hold
 the circuit court erred in granting summary judgment before the Veronies had a
 full and fair opportunity to complete discovery.   Here, the deposition of Susan
 Markham, who represented to the Veronies that the contract in question had been
 signed by 303, was scheduled to occur two weeks following the summary judgment hearing. 
 Additionally, at the time of the hearing, Lowcountry had not responded to the
 Veronies' discovery request to produce the contract.  Therefore, the circuit
 court's grant of summary judgment two and one-half months after the Veronies
 filed their complaint was premature.  See Doe v. Batson, 345 S.C.
 316, 321, 548 S.E.2d 854, 857 (2001) (internal citation omitted) ("Summary
 judgment is a drastic remedy, which should be cautiously invoked so that no
 person will be improperly deprived of a trial of the disputed factual
 issues."); Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 112,
 410 S.E.2d 537, 543 (1991) ("[S]ummary judgment must not be granted until
 the opposing party has had a full and fair opportunity to complete
 discovery.").
2. We hold
 the circuit court erred in dismissing the Veronies' complaint on the ground
 that it failed to allege the existence of a valid contract.  Viewing the
 factual allegations in the complaint, and inferences from them, in the light
 most favorable to the Veronies, we find they pled sufficient facts which could
 entitle them to relief. See Overcash v. S.C. Elec. & Gas Co., 
 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005) ("[P]leadings in a case
 should be construed liberally and the Court must presume all well pled facts to
 be true so that substantial justice is done between the parties."); Stiles
 v. Onorato, 318 S.C. 297, 300, 457 S.E.2d 601, 602-03 (1995) ("A Rule
 12(b)(6) motion may not sustained if facts alleged and inferences reasonably
 deducible therefrom would entitle the plaintiff to any relief on any theory of
 the case."); HHHunt Corp. v. Town of Lexington, 389 S.C. 623, 632,
 699 S.E.2d 699, 703 (Ct. App. 2010) (internal citations omitted) ("[A]
 judgment on the pleadings is considered to be a drastic procedure by our
 courts.  The complaint should not be dismissed merely because the court doubts
 the plaintiff will prevail in the action.").
REVERSED.
SHORT, WILLIAMS, AND
 GEATHERS, JJ., concur.