**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gregory J. Feldman, MD, Joseph A. Boscia, III, Upstate Lung & Critical Care Specialists, PC, and Devendra Shantha, MD, Appellants,

v.

William Mark Casey, Ray E. "Chuck" Thompson, and Charles M. Fogarty, MD, Respondents.

Appellate Case No. 2012-212867

———————

Appeal From Spartanburg County
Letitia H. Verdin, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-273
Heard June 4, 2014 – Filed June 30, 2014

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Franklin Milton Mann, Jr., of Spartanburg, for Appellants.

Matthew Holmes Henrikson, of Henrikson Law Firm, LLC, of Greenville, for Respondent Ray E. Thompson; Joseph A. Mooneyham, of Mooneyham Berry, LLC, of Greenville, for Respondent William Mark Casey; and

Michael B.T. Wilkes and Ellen S. Cheek, both of Wilkes
Law Firm, PA, of Spartanburg, for Respondent Charles
M. Fogarty.

─────────────

**PER CURIAM:**  Appellants Gregory J. Feldman, MD, Joseph A. Boscia, III, MD, Upstate Lung & Critical Care Specialists, PC, (Upstate Lung) and Devendra Shantha, MD, brought this action against Respondents William Mark Casey, Ray E. ("Chuck") Thompson, and Charles M. Fogarty for abuse of process and civil conspiracy.  Upon Respondents' motions to dismiss, the circuit court dismissed these claims with prejudice.  We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL HISTORY[1]

Feldman and Boscia are physicians and partners in Upstate Lung, and Shantha is an anesthesiologist.  In 2006, Thompson, an attorney, filed an action on Casey's behalf against Appellants, alleging that Feldman, Boscia, and Shantha breached the applicable standard of care regarding medical treatment they provided to Casey and that Casey suffered permanent brain damage and became permanently disabled as a result of the alleged breach.  While the case was pending, Shantha was granted summary judgment and dismissed as a defendant.  The case was tried in May 2010, and on May 28, 2010, the jury returned a verdict for Feldman, Boscia, and Upstate Lung.

On October 27, 2010, Appellants filed this action against Respondents for abuse of process and civil conspiracy arising from the prior lawsuit.  According to the complaint, Fogarty was another pulmonologist who had ended a business relationship with Feldman on hostile terms and surreptitiously treated Casey while the malpractice action was pending.  The treatment allegedly included arranging for Casey to obtain an MRI under a fictitious name and date of birth.

──────────────

[1] Because this case was decided on a motion to dismiss, the facts as stated here are restricted to the allegations of the complaint and are assumed to be true for the purpose of our review of the grant of the motion to dismiss.  *See Overcash v. S.C. Electric & Gas Co.*, 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005) ("A motion to dismiss a claim pursuant to Rule 12(b)(6), SCRCP, must be based solely on the allegations set forth on the face of the complaint.").

Instead of filing responsive pleadings, Respondents each moved to dismiss the complaint pursuant to Rule 12(b)(6), SCRCP. Appellants subsequently amended their pleadings twice. After Appellants filed their second amended complaint, Respondents filed separate motions to dismiss. The circuit court held a hearing on the motions. When the hearing commenced, the parties agreed to a dismissal without prejudice of Appellants' civil conspiracy claim, and oral argument proceeded on only the abuse of process claim. The circuit court later issued an order granting Respondents' motions to dismiss Appellants' second amended complaint, holding the three-year statute of limitations had expired before Appellants filed their lawsuit. In addition to dismissing with prejudice Appellants' claim for abuse of process, the circuit court also barred Appellants from re-asserting their claim for civil conspiracy at any time in the future. Appellants moved to alter or amend the circuit court's order and for leave to amend their complaint once again. The circuit court denied these motions, and Appellants filed this appeal.

1. Appellants first argue the circuit court misapplied the discovery rule in dismissing their complaint for abuse of process. We agree.

"In deciding a motion to dismiss pursuant to [Rule] 12(b)(6), SCRCP, the trial court should consider only the allegations set forth on the face of the plaintiff's complaint." *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007). In reviewing a decision on whether to dismiss an action pursuant to Rule 12(b)(6), SCRCP, "the appellate tribunal applies the same standard of review that was implemented by the trial court." *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001).

"The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding." *Pallares v. Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014). Abuse of process claims are subject to a three-year statute of limitations. *Whitfield Constr. Co. v. Bank of Tokyo Trust Co.*, 338 S.C. 207, 222 n.18, 525 S.E.2d 888, 896 n.18 (Ct. App. 1999). This period begins to run when the plaintiff "knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535 (2005).

In dismissing Appellants' claim for abuse of process, the circuit court found Appellants' abuse of process claim arose in 2006, when the medical malpractice action against them was filed. According to the appealed order, Appellants not

only knew Casey and Thompson had filed the lawsuit against them, they believed the lawsuit was for a purpose other than to redress legitimate medical injuries, namely, to obtain prescription pain medication and disability benefits.  The paragraphs of the complaint cited by the circuit court to support this finding, however, do not give any indication as to when Appellants knew or should have known either that Casey was obtaining narcotic drugs and disability benefits as a result of the pending medical malpractice action or that Casey filed the lawsuit with this objective.  Furthermore, even if the complaint indicates Appellants had reason to believe the medical malpractice action was filed with Respondents' knowledge that it was based on spurious allegations, Appellants' complaint does not allege any specific point in time at which Respondents committed a willful and improper act in their use of the legal process.  Without any information in Appellants' complaint as to when any such acts allegedly occurred, we hold the allegations in the complaint do not support a finding that Appellants could be charged with knowledge that they had a potential abuse of process claim at the time the malpractice action against them was filed.  *See Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997) ("There is no liability [in an abuse of process action] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."); *id.* at 136-37, 492 S.E.2d at 107 ("Abuse of process requires both an ulterior purpose and a willful act not proper in the regular course of the proceeding.").  We therefore hold the allegations of Appellants' complaint do not support a finding that their action for abuse of process was barred by the statute of limitations and remand for further proceedings on this cause of action.[2]

2.      Appellants argued in their brief that because Respondents had agreed to a dismissal of the conspiracy claim without prejudice, the circuit court erred in dismissing this cause of action with prejudice.  Appellants, however, failed to raise this issue in their motion to alter or amend; therefore, the issue is not preserved for appeal.  *See In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").  Furthermore, at oral argument, Appellants'

---

[2] Our reversal of the dismissal of Appellants' abuse of process claim is without prejudice to Respondents to move again for dismissal of this cause of action once the case is remanded to the circuit court.

counsel indicated that he no longer intended to pursue a claim for conspiracy against Respondents.

3.      Appellants also challenge the circuit court's finding that equitable tolling did not apply to their claims and the circuit court's refusal to grant them leave to amend their complaint to advance additional factual allegations that would clarify the relevant timeline as it related to the discovery rule and the statute of limitations.  In view of our decision to reverse the dismissal of Appellants' abuse of process claim and remand this matter to the circuit court for further proceedings, we decline to address these arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**